34 So.2d 231

## HALL v. STATE.

### 3 Div. 892.

Court of Appeals of Alabama.

March 2, 1948.

430

Rains & Rains, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

On February 22, 1939, the petitioner was sentenced to imprisonment in the State penitentiary for a minimum term of eight years and a maximum term of ten years. Sec. 5268, Code 1923.

On January 5, 1948, he filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, claiming in substance that he was wrongfully held in Kilby Prison for the reason that he had completed his imposed sentence. The writ was denied, and this appeal followed.

By an act approved August 24, 1939, the Legislature repealed all provisions of law authorizing judges of courts exercising criminal jurisdiction to pronounce upon defendants indeterminate sentences of imprisonment in the penitentiary. Act No. 279, Regular and Special Session 1939, p. 438.

This repealing act specifically provides in Section 2 thereof: "That this act shall not be operative upon offenses committed prior to the effective date hereof."

In the case at bar the record discloses that on May 20, 1939, the prisoner was demoted to "Class C" for refusing to work and enticing fellow inmates to strike, and that as punishment for said offense he was made to serve fourteen days in solitary confinement; that petitioner was released on parole pending good behavior on March 25, 1943, and was declared delinquent and returned to imprisonment in July, 1947. It is also shown by the evidence that, on August 22, 1947, the Board of Pardons and Paroles revoked the parole of the petitioner and ordered him "to Kilby to finish his sentence."

The reasonable interpretation of the law with which we are called upon to deal leads us to the conclusion that the "maximum sentence" of ten years in this case was the period of time the petitioner was required to serve unless released by duly constituted authorities.

This construction of the law is in accord with that of other jurisdictions in which indeterminate sentences are provided. Oliver et al. v. State, 169 Tenn. 320, 87 S.W.2d 566; Commonwealth ex rel.

Carmelo v. Smith, etc., 347 Pa. 495, 32 A. 2d 913; Ex parte Tischler, 127 OhioSt. 404, 188 N.E. 730.

The petitioner in this case has not served his maximum sentence of ten years. He, therefore, is not illegally held.

The judgment of the court below is ordered affirmed.

Affirmed.