287 So.2d 843

**In the Matter of Honorable Virgis M. ASHWORTH, Judge of the Fourth Judicial Circuit of Alabama.**

**Misc. No. 428.**

Supreme Court of Alabama.

Jan. 10, 1974.

PER CURIAM.

Hon. Virgis M. Ashworth, a circuit judge of the Fourth Judicial Circuit has filed a petition with this court to have a judicial determination as to the prior service time to which he is entitled to be credited as a basis for retirement status under the provisions of the Judicial Retirement Act passed by the 1973 general session of the Alabama Legislature, which Act was approved by the Governor on 18 September 1973 as Act No. 1163.

The prior service for which Judge Ashworth has claimed credit is as follows:

Deputy Solicitor for Bibb County, Alabama, from 1 October 1942 to 1 October 1945—3 years.

Member of Alabama House of Representatives from Bibb County, Alabama, from 4 November 1954 to 4 November 1962—8 years.

Deputy Solicitor, Fourth Judicial Circuit of Alabama, from 4 June 1965 to 27 February 1969—3 years, 8 months, and 24 days.

District Attorney, Fourth Judicial Circuit of Alabama, from 28 February 1969 to 18 January 1971—1 year, 10 months, 18 days.

The total of non-judicial time credit claimed by Judge Ashworth is therefore 16 years, 7 months, and 12 days. There can, of course, be no question concerning Judge Ashworth's service as a circuit judge beginning 16 January 1971 and continuing so long as he remains in office.

The Board of Control of the Retirement System through Mr. Charles A. Holston, Retirement System Executive, has notified Judge Ashworth that the three year time period claimed by him toward retirement credit for the period of time from 1 October 1942 to 1 October 1945, for service as Deputy Circuit Solicitor for Bibb County, has been recommended for disallowance. The basis of this recommended disallowance is that Section 195(1)(e), Title 13, Code of Alabama 1940, provides:

"* * * provided further that his service as deputy circuit solicitor * * * terminated not more than three years prior to his first assuming office of circuit judge."

It is apparently the view of the Board of Control that since Judge Ashworth's service as Deputy Solicitor of Bibb County terminated more than three years prior to his assuming judicial office, this claimed credit of time cannot be allowed.

The Board also recommended that Judge Ashworth be allowed only two years and six months as credit for prior legislative service, stating:

"* * * it is felt that the intent of the Judicial Retirement Act—as it so states in Section 10—is to limit legislative service credit to two years and six months, if the incumbent is to retire under the Judicial Retirement Act, its provisions should be primary. On the other hand, if the incumbent desired to retire as a supernumerary district attorney under Title 13, Section 260(11b), a different recommendation would be considered by us."

As provided in Section 9 of the Judicial Retirement Act, Judge Ashworth has filed a petition with this court to have a judicial determination relative to the recommendations of the Retirement Board disallowing credit for retirement purposes of his service as Deputy Solicitor of Bibb County, for the period of time from 1 October 1942 to 1 October 1945, and also disallowing credit for legislative service for more than two years and six months, instead of the eight years to which he asserts he is entitled.

It is Judge Ashworth's contention that the provisions of Act No. 1873, passed in

the Regular Session of the Alabama Legislature of 1971, and approved 20 September 1971, and which for convenience may be found as Section 260(11b), Title 13, Revised Code of Alabama 1958, when read with Section 9 of the Judicial Retirement Act, entitles him to the credits toward retirement under the Judicial Retirement Act.

Act No. 1873, relating to Supernumerary District Attorneys, in parts pertinent to this review reads:

"Section 1. In addition to any other acts providing for eligibility of supernumerary district attorneys, or other like prosecuting officers, including County Solicitors and former County Solicitors, any person now serving or having formerly served · as District Attorney or County Solicitor, who has served for not less than eighteen years may, when he has reached the age of sixty years, may elect to become a supernumerary district attorney by filing a written declaration to that effect with the Governor and time served as judge of a court of record, a county court, county solicitor *or any other county-wide elected official shall be counted as time served;* * * *" (Emphasis ours.)

That part of Section 9 of the Judicial Retirement Act pertinent here is as follows:

"* * * Provided further that any judge of a circuit court holding office at the time this Act becomes law *who is entitled to credit for prior service toward earning supernumerary status in a position other than as a circuit judge, shall be entitled to have all such service credited toward retirement status under this bill provided he does so within three years from the date this Act becomes law by notifying the supreme court in writing of the service for which he is at that time entitled to credit toward obtaining supernumerary status and for which he desires credit toward retire-*

*ment under the judicial retirement fund provided by this Act.* Upon receipt of such notice the supreme court shall make a judicial determination of the amount of such credit to which such judge is entitled and shall notify the board of control of the state employees' retirement system of this determination and such service shall be credited to such judge's retirement benefits and shall be counted as time of service as a circuit judge under this Act." (Emphasis ours.)

Under the Supernumerary District Attorneys Act above mentioned, Judge Ashworth would be entitled to credit for all of the periods of prior service claimed by him toward supernumerary status as a district attorney in as much as there is no requirement that a period of·time claimed as deputy circuit solicitor must have terminated within three years of a claimant becoming a circuit judge. Nor is there any limitation in the Act on the period of time claimed for service in the legislature, but the Act provides that a district attorney may claim as time served his service as a judge of a court of record, county solicitor, *or any other county-wide elective office.* A member of the Alabama House of Representatives, at the time of Judge Ashworth's service in said body, was a county-wide elected official of Bibb County.

▮▪Section 9 of the Judicial Retirement Act very clearly provides that any circuit judge holding office at the effective date of the Act, "who is entitled to credit for prior service toward earning supernumerary status in a position other than circuit judge, shall be entitled to have *all such service* credited toward retirement under this bill * * *" (Emphasis ours.)

Thus when the above quoted provisions of Section 9 of the Judicial Retirement Act are read in light of Act No. 1873 (Supernumerary District Attorneys Act), the conclusion is necessitated that Judge Ashworth is entitled to all of the prior service he has claimed toward credit in determining his retirement status.

The reason assigned by the Retirement Board for recommending disallowance of the credit claimed by Judge Ashworth for his three year service as County Solicitor for Bibb County is that such service terminated three years before Judge Ashworth assumed his office as circuit judge, and such service is not allowable under the provisions of Section 195(1)(e) of Title 13 of our Code.

An examination of Section 195(1)(e) shows that it is in the article dealing solely with "Supernumerary Circuit Judges." Judge Ashworth is not seeking to establish time credit toward supernumerary circuit judge status, but is seeking to have credited service time under the Supernumerary District Attorneys Act to which he would have been entitled in determining his status as supernumerary district attorney. If entitled to such credit under the Supernumerary District Attorneys Act, and we think it clear that he would be, then under the above mentioned provisions of Section 9 of the Judicial Retirement Act, he is entitled to have this prior service in a non-judicial office credited toward retirement status under the Judicial Retirement Act.

We also note that in refusing to recommend more than two years and six months credit for legislative service, rather than the eight year service credit to which Judge Ashworth would be entitled under the Supernumerary District Attorneys Act above referred to, the Retirement Board has expressed the view that it felt that the intent of the Judicial Retirement Act, as evidenced in Section 10 of said Act, was "to limit legislative service credit to two years and six months, if the incumbent is to retire under the Judicial Retirement Act, its provisions should be primary."

Section 10, above mentioned, in parts pertinent to this determination reads:

"Any justice or judge of the supreme court, a court of appeals, or of a circuit court holding office at the time this Act becomes law who has had time of service in a legal or judicial position in which he could have become a member of the Employees' Retirement System of Alabama, if he had elected to do so but did not so elect, or who has time of service in the Employees' Retirement System of Alabama in a legal or judicial position, but has since withdrawn the contributions to such system or who has time of service in the legislature of Alabama, provided credit may be claimed for a maximum of two and one-half years' service in the legislature shall be entitled to have such time of service, regardless of whether or not such time of service was continuous, treated as time of service in the judicial position he holds at the time this Act becomes law; provided, such justice or judge pays into the Judicial Retirement Fund of Alabama a sum equal to four and one-half percent of his then annual salary for each year of such service that he elects to count toward judicial retirement; and further provided such election and payment is made to the Secretary-Treasurer of the Employees' Retirement System of Alabama within three years from the date this Act becomes law. Should the records of the Employees' Retirement System of Alabama fail to reflect the position held thereunder, affidavits from disinterested persons that such position was a legal or judicial position shall suffice as proof thereof."

 We are in accord with the observation of the Retirement Board that the provisions of the Judicial Retirement Act should be primary. However, the legislative intent in enacting the Judicial Retirement Act is to be determined from an examination of all of the sections of the Act rather than determining such intent from only one section of the Act. This for the reason that the well settled rule of construing statutes is that every word and each section thereof must be given effect, if possible, and construed with other sections in pari materia. Ex parte Darnell, 262 Ala. 118, 94 So.2d 863; State ex rel. Moore v. Strickland, 289 Ala. 488, 268 So.2d 766.

 If there is a conflict in the provisions of the same Act, the last provision in point of arrangement must control. Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74.

However, we do not consider that there is a conflict between Section 9 and Section 10 of the Judicial Retirement Act.

Section 9 authorizes the crediting of prior service accumulated toward earning *supernumerary* status, and provides that all such service is to be credited toward retirement status.

On the other hand, Section 10, after dealing with the matter of the transfer of contributions and acquired retirement time under the Employees' Retirement System of Alabama to the Judicial Retirement Fund, authorizes a justice or judge holding office at the time of the effective date of the Judicial Retirement Act to obtain service credit for time served in a legal or a judicial position, if he was a former member, or could have become a member, of the Employees' Retirement System of Alabama, and additionally to obtain credit for a maximum of two years and six months for service in the legislature. If an incumbent judge elects to claim such service credit, then he must pay into the Judicial Retirement Fund a sum equal to four and one-half percent of his then annual salary for each year he elects to count toward gaining judicial retirement.

Section 10 therefore relates to service credit other that that earned toward gaining *supernumerary status as may be pro-*vided in other codal provisions.

 Judge Ashworth, having notified this court in writing of the service for which he desires to be credited, and for which he would be entitled to credit toward supernumerary status as a district attorney, it is our conclusion, and we judicially determine for the reasons above set out that Judge Ashworth is entitled to have the services he claims credited toward retirement under the Judicial Retirement Act.

The Clerk of this Court is directed to notify the Board of Control of the State Employees' Retirement System of this determination.

All Justices concur.