PER CURIAM.
The Honorable John Paul DeCarlo, Judge, Court of Criminal Appeals of Alabama, appeals from a decision of the Board of Control of the State Employees’ Retirement System whereby it determined that he was not entitled to claim credit for prior service, as a deputy district attorney in Jefferson County, towards retirement under the Judicial Retirement Act. Act No. 1163, Acts of Alabama, Regular Session 1973, vol. IV, page 1948. We are compelled to agree with the Board of Control that Judge DeCarlo is not entitled to this credit under the Judicial Retirement Act.
The claim for credit for service as deputy district attorney is for the periods July 17, 1965, to February 13, 1967, and from November 7, 1968, to January 24, 1972, the total credit sought being 4 years, 9 months, and 15 days.
The claim is made pursuant to the terms of Section 10 of the Act, which reads, in pertinent part, as follows:
“Section 10. Any justice or judge holding office as a member of the supreme court, a court of appeals, or of a circuit court at the time this Act becomes law, who has paid contributions into the Employees’ Retirement System of Alabama, shall be entitled to have such contributions transferred from the Employees’ Retirement System of Alabama into the Judicial Retirement Fund and to receive credit for the time of service he had acquired under the Employees’ Retire *1198 ment System of Alabama as time of service in the judicial position which he holds at the time of the adoption of this Act, regardless of whether or not such time of service was continuous, provided such time of service acquired under the Employees’ Retirement System of Alabama was in a legal or judicial position and further provided such justice or judge requests such transfer within three years from the date of the time this Act becomes a law. . . . Any justice or judge of the supreme court, a court of appeals, or of a circuit court holding office at the time this Act becomes law who has had time of service in a legal or judicial position in which he could have become a member of the Employees’ Retirement System of Alabama, if he had elected to do so but did not so elect, or who has time of service in the Employees’ Retirement System of Alabama in a legal or judicial position, but has since withdrawn the contributions to such system, or who has time of service in the legislature of Alabama, provided credit may be claimed for a maximum of two and one-half years’ service in the legislature, shall be entitled to have such time of service, regardless of whether or not such time of service was continuous, treated as time of service in the judicial position he holds at the time this Act becomes law; provided, such justice or judge pays into the Judicial Retirement Fund of Alabama a sum equal to four and one-half percent of his then annual salary for' each year of such service that he elects to count toward judicial retirement; and further provided such election and payment is made to the Secretary-Treasurer of the Employees’ Retirement System of Alabama within three years from the date this Act becomes law. . . . ” [Emphasis supplied.]
It seems clear that the legislature intended by Section 10, inter alia, to provide for three classes of judges who shall be entitled to have their time of service in a legal or judicial position credited towards judicial retirement. First, those who paid contributions into the Employees’ Retirement System of Alabama are entitled to have such contributions transferred into the Judicial Retirement Fund. Second, those who paid contributions into the Employees’ Retirement System of Alabama but subsequently withdrew those contributions are entitled to the credit, provided they pay into the Judicial Retirement Fund 4V2 percent of their salaries for those years. Third, those who could have, but did not, elect to join the employees’ Retirement System of Alabama are granted the privilege of “buying back” time spent in a legal or judicial position.
Both sides agree that Judge DeCarlo was required to be, and was, a member of the General Retirement System for Employees of Jefferson County when he served as a deputy district attorney and that he contributed to that retirement system.
Both sides seem to agree that there would be no question of such credits being allowed if Jefferson County had, in fact, elected to participate in the Employees’ Retirement System of Alabama, instead of maintaining its own system, and if Judge DeCarlo could have elected to participate.
Such was not the case. When Judge DeCarlo served as a deputy district attorney, he was required to become a member of the Jefferson County Retirement System. Act No. 497, Acts of Alabama, Regular Session 1965, vol. I, page 717.
Moreover, Tit. 55, § 466, Code of Alabama 1940 (Recompiled 1958), required that Judge DeCarlo be excluded from participating in the State Employees’ Retirement System because he was already required to participate in the Jefferson County Retirement System. Tit. 55, § 466, is as follows:
“No other provision of law in any other statute which provides wholly or partly at the expense of the state of Alabama or of any political subdivision thereof for pensions or retirement benefits for employees of the said state, shall apply to members of the retirement system established by this chapter, except as to provisions for coverage under the federal Social Security Act as may be provided by state and federal laws.”
*1199 Both sides agree Judge DeCarlo was a state officer when he served as deputy district attorney.
Thus, under the provisions of existing law, Judge DeCarlo could not “have become a member of the Employees’ Retirement System of Alabama, [even] if he had elected to do so.”
Judge DeCarlo argues that it would be unfair to disallow him credit for time spent as deputy district attorney when this Court allowed Judges Ashworth and Hines credit for the same office. See In re Ashworth, 291 Ala. 723, 287 So.2d 843 (1974), and In re Hines, 293 Ala. 230, 301 So.2d 545 (1974).
Neither of these cases is apposite. In both, these judge were seeking prior service credit under Section 9 of Act 1163, not Section 10. Section 9 gives credit only to circuit judges who were holding office on the effective date of the act and who were “entitled to credit for prior service toward earning supernumerary status in a position other than as a circuit judge.” The prior service of both judges as deputy district attorneys was claimed as credit towards earning their status as supernumerary district attorneys.
Purely and simply, the legislature has made no provision for credit on Judge De-Carlo’s judicial retirement for his prior service as a deputy district attorney for Jefferson County.
The Clerk of the Supreme Court is directed to notify the Board of Control of the State Employees’ Retirement System and Judge John Paul DeCarlo of this determination.
NOT ENTITLED TO CREDIT.
All the Justices concur.