[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1329 
The defendant was convicted of manslaughter in the death of Clarence Dickerson. Alabama Code Section 13A-6-3 (1975). Sentence was forty-five years' imprisonment. Four issues are raised on appeal.
 I
The defendant contends that the trial court erred in admitting evidence that he illegally sold alcoholic beverages and conducted gambling at his home, both on the night of the homicide and on prior occasions. He argues that this evidence supplied the inferences that he was the owner of a "shot-house" and a man of bad character. He also alleges that this evidence was improperly admitted to establish his guilt of crimes other than that charged in the indictment and for the sole purpose of showing his propensity to commit the charged offense.
The defendant and Dickerson got into a fight at the defendant's residence in the early hours of December 11, 1981. The altercation began after the defendant attempted to end a "crap" game and asked the players to leave his home for the night. Several people were present at the defendant's home that night gambling and drinking alcoholic beverages purchased from the defendant.
Evidence of the sale of alcoholic beverages and gambling was admissible as an exception to the general exclusionary rule prohibiting the introduction of distinct and independent offenses not charged in the indictment. C. Gamble, McElroy'sAlabama Evidence, Section 60.01 (3) (3rd ed. 1977). The drinking and gambling were part of a series of events leading up to Dickerson's death and were so inextricably intertwined therewith as to be a part of the res gestae. McMurtrey v.State, 39 Ala. App. 319, 323, 101 So.2d 88 (1957), cert. denied,267 Ala. 259, 101 So.2d 93 (1958). Res gestae "embraces all facts which are *Page 1330 
relevant, explanatory, or illustrative of, or which give character to, or illustrate the character of, or which characterize the act or principle fact which was the subject of or for decision." Sexton v. State, 239 Ala. 287, 288,196 So. 744 (1940). Consequently, evidence of the gambling and drinking was admissible notwithstanding the fact that it tended to show the commission of other crimes.
In a prosecution for unlawful homicide it is "permissible to show all that transpired at the time of the difficulty and everything leading up to and explanatory of the tragedy."Moulton v. State, 19 Ala. App. 446, 450, 98 So. 709, cert. denied, 210 Ala. 656, 98 So. 715 (1923). Testimony is admissible if it "tend(s) to prove the surrounding facts and circumstances leading up to and relating to the homicide." Hillv. State, 25 Ala. App. 264, 265, 144 So. 582 (1932). "(E)vidence of connected acts leading up to and explanatory of killing, throwing light on action, animus, or intent of accused, is admissible, though not res gestae." Smallwood v. State,26 Ala. App. 360, 361, 159 So. 699 (1935). See also Palmer v.State, 401 So.2d 266, 269-70 (Ala.Cr.App.), cert. denied, Exparte Palmer, 401 So.2d 270 (Ala. 1981).
The gambling and illegal alcohol sales were relevant to elucidate the circumstances of the shooting and to prove the defendant's intent. Keith v. State, 253 Ala. 670, 675,46 So.2d 705 (1950). Evidence that the defendant's closing of the illegal activities he had sponsored in his home kindled the altercation which finally resulted in Dickerson's death was fundamental to the "complete story" necessary for the jury to determine the defendant's intent. Durden v. State,394 So.2d 967 (Ala.Cr.App. 1980), cert. quashed, Ex parte Durden,394 So.2d 977 (Ala. 1981).
 II
The defendant argues that the trial court erred in not allowing him to voir dire the jury venire as to their acquaintance and relationship with the brothers and sisters of the deceased.
During voir dire of the venire, defense counsel asked the victim's brother, who, apparently, was not a member of the venire but who was present in the courtroom, how many brothers he had. The trial judge responded, "We don't need to embarrass that young man like that. * * * You could have gotten that information somewhere else."
The defendant does not contend that the trial court prohibited any questions addressed to the venire regarding their knowledge of or relationship with the victim or his brothers or sisters. The defendant's sole contention is that because he was not allowed to question Don Dickerson, who was present in the courtroom as a State's witness during voir dire of the venire, he was denied the practical ability to question the venire in this regard.
The manner in which the voir dire of the jury will be conducted is within the discretion of the trial judge.Gilliland v. State, 291 Ala. 89, 92, 277 So.2d 901 (1973). We find no abuse in the trial court's refusal to allow defense counsel to publicly question a member of the deceased's family in open court in the presence of the jury venire during the voir dire of that venire.
 III
The defendant argues that the cumulative effect of the various statements and comments of the trial judge throughout the trial prejudiced his right to a fair trial.
We have carefully examined the judge's complained of remarks and find they fall within the "long-observed rule" that "(i)n the interest of justice, a trial judge is given the authority to pose questions to a witness for the purpose of clarifying the issues for the jury's consideration and to aid in the orderly conduct of the trial process." Richardson v. State, *Page 1331 403 So.2d 297 (Ala. 1981). "(T)he solemn and sacred duty of a trial judge — is the development and establishment of the truth, and in this connection it is always permissible for the court, . . . to propound to witnesses such questions as it is deemed necessary to elicit any relevant and material evidence, without regard to its effect, whether beneficial to one party or the other." Brandes v. State, 17 Ala. App. 390, 391, 85 So. 824
(1920), quoted in Blaylock v. State, 411 So.2d 1299, 1302
(Ala.Cr.App. 1982).
The questions of the trial judge as to whether the witness actually saw the defendant sell alcohol and whether the witness actually purchased alcohol from the defendant did not depart from that standard of fairness and impartiality required of his position. Sprinkle v. State, 368 So.2d 554, 562 (Ala.Cr.App. 1978), cert. quashed, 368 So.2d 565 (Ala. 1979).
In responding to the defendant's request for a mistrial, the trial judge replied:
 "COURT: In light of your feelings on the matter, I might say that a trial Judge is not a bump on a log or not even a referee of a prize fight. He has not only the right, but he has the duty to participate in the examination of witnesses when necessary to bring out matters that have been insufficiently developed by counsel. It is even the Judge's duty to make pertinent inquiry when it becomes necessary to bring out matters that have been insufficiently or confusingly developed by counsel.
 "However, a trial Judge's responsibility to assist the jury understanding the evidence by asking questions to clarify testimony, it must not be so zealously pursued as to give the jury the impression of partisanship or the impression that he believed one version of the evidence and disbelieved or doubts another. So, I certainly will watch myself, but for the record, or the record will show rather, that the defendant is being defended by two of the most capable defense lawyers in this part of the State, especially Mr. T.K. Selman who has for forty years gained the reputation for being one of the most vigorous and aggressive defense counsel in this part of the State. As compared to a young man who is the Assistant District Attorney who has never tried a murder case in his life. So, it might seem, it might appear from the record that there may be places where the Court will need to assist in the ascertainment of the facts and the truth in the case, and that would be — the only reason I am saying that is to assure you that I have no interest in the case, as you know."
"(T)he comments of a trial judge in suggesting to the prosecution, . . . the proper way in which to introduce admissible evidence do not constitute error where those comments do not prejudice the defendant or indicate any bias or attitude of the judge on the guilt or innocence of the accused or on the effect or weight to be given such evidence once admitted." Burks v. State, 353 So.2d 539, 541 (Ala.Cr.App. 1977). See also Barbee v. State, 395 So.2d 1128, 1133
(Ala.Cr.App. 1981).
The judge's admonitions to defense counsel not to argue were not prejudicial and did not transcend any duty resting upon the trial judge. Sprinkle, 368 So.2d at 563. "A judge is not to be severely criticized for his pointedly bringing the bad habit to the attention of an attorney." Jones v. State, 398 So.2d 360,367 (Ala.Cr.App.), cert. denied, 398 So.2d 369 (Ala. 1981).
Finally, if any juror might have construed the judge's remarks as any indication of the judge's opinion on the defendant's guilt or innocence, "that impression should have been dispelled by the judge's instruction to the jurors (to the effect) that nothing he had said or done throughout the trial should be viewed by them as an indication of his opinion about the evidence." Johnston v. City of Birmingham, 338 So.2d 7, 9
(Ala.Cr.App. 1976). *Page 1332 
 IV
The defendant argues that his sentence is excessive and that the sentencing statute is "overbroad and unconstitutional and does not set any reasonable standards" for sentencing.
The defendant was convicted of manslaughter which is a Class C felony. Alabama Code Section 13A-6-3 (1975). The sentence for a Class C felony is "not more than 10 years or less than 1 year and 1 day." Alabama Code Section 13A-5-6 (a)(3). However, the sentence for a Class C felony in which a firearm was used is "not less than 10 years." Alabama Code Section 13A-5-6 (a)(5). Using this subdivision, the trial judge sentenced the defendant to forty-five years' imprisonment. We find that this sentence exceeded the term fixed by statute.
In Alabama's new Criminal Code, the sentences of imprisonment for felonies are codified in one statute instead including a particular sentence for a given offense in the statute defining the elements of the crime.
 "Section 13A-5-6. Sentences of imprisonment for felonies.
 "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
 (1) For a Class A felony, for life or not more than 99 years or less than 10 years.
 (2) For a Class B felony, not more than 20 years or less than 2 years.
 (3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.
 (4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.
 (5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.
Subdivisions (1) and (2) of Subsection (a) of this statute took effect on January 1, 1980. Subdivisions (4) and (5), setting the penalty for using or attempting to use a firearm or deadly weapon in the commission of a felony, were added by amendment the following year. 1981 Ala. Acts 1505, No. 81-840 (May 27, 1981).
This sentencing statute is constitutional. "It is the prerogative of the legislature to prescribe the punishment for crimes." State v. Angus, 581 P.2d 992, 994 (Utah 1978). See also Cabble v. State, 347 So.2d 546, 548 (Ala.Cr.App.), cert. denied, 347 So.2d 551 (Ala. 1977). Included therein is the authority to increase the punishment or enhance the sentence where firearms or deadly weapons are used. State v. Bly,127 Ariz. 370, 621 P.2d 279, 281 (1980); Angus, supra.
Similar statutes in other states have withstood constitutional attacks based on arguments of double jeopardy, equal protection, due process and separation of powers and legislative usurpation. Bly, supra; Scott v. State,369 So.2d 330 (Fla. 1979); People v. Stokes, 102 Ill. App.3d 909, 58 Ill.Dec. 428, 430 N.E.2d 370 (1981); State v. Davison,614 P.2d 489 (Mont. 1980); Angus, supra.
The defendant also argues that subsection (a)(5) of Section13A-5-6 fails to state a maximum term of imprisonment and is therefore unconstitutional. We find that this section is constitutional and that both maximum and minimum terms of imprisonment are provided by the statute. We reach this conclusion by the application of well settled principles of statutory construction. Generally, see D. Sands, SutherlandStatutes And Statutory Construction, Section 59.03 (4th ed. 1974).
"The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. Darks Dairy, Inc. *Page 1333 v. Alabama Dairy Commission, 367 So.2d 1378, 1380 (Ala. 1979). It is obvious that, in enacting the 1981 amendment to Section13A-5-6, the legislature was seeking to correct the serious problem of the use of a firearm or deadly weapon in the commission of crime.
 "No matter what the crime, the potential for serious bodily injury or loss of human life arises when a crime is committed with a dangerous weapon. The crime itself is more reprehensible and for that reason a crime committed with a dangerous weapon or instrument shall be punished more severely than one which is not." Bly, 621 P.2d at 281.
Statutes imposing penalties "must be strictly construed in favor of persons sought to be subjected to their operation",Anderson v. City of Birmingham, 205 Ala. 604, 605, 88 So. 900
(1921), and "in favor of life and liberty." 24B C.J.S. CriminalLaw, Section 1979 (1962). "However, even penal laws are not to be construed so strictly as to defeat the obvious intent of the legislature." McDonald v. State, 32 Ala. App. 606, 608,28 So.2d 805 (1947). "(T)he interests of justice demand that criminal statutes not be construed irresponsibly. Unfortunate language or phrases within a statute, . . . (do) not sanction a construction of that statute at odds with common sense and practicality of application." Nobis v. State, 401 So.2d 191,196 (Ala.Cr.App.), cert. denied, Ex parte Nobis, 401 So.2d 204
(Ala. 1981).
Although "penal statutes are to reach no further in meaning than their words", Fuller v. State, 257 Ala. 502, 505,60 So.2d 202 (1952); Sexton v. State, 392 So.2d 1239, 1241 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1241 (Ala. 1981), "every word and each section thereof must be given effect, if possible, and construed with the other sections in pari materia." In reAshworth, 291 Ala. 723, 726-27, 287 So.2d 843 (1974). "(P)arts of the same statute are in pari materia and each part is entitled to equal weight." Darks Dairy, 367 So.2d at 1380-81. "(S)tatutes must be read as whole", Adams v. Mathis,350 So.2d 381, 385 (Ala. 1977), and not construed as isolated phrases or clauses. Darks Dairy, supra.
If there is a conflict in the provisions of the same statute, the last provision in point of arrangement must control.Ashworth, supra; 24B C.J.S. Criminal Law, Section 1979 (1962). This is due to the principle of statutory construction which assumes that "in enacting the statute the legislature had full knowledge and information as to prior and existing law on the subject of the statute." Miller v. State, 349 So.2d 129, 131
(Ala.Cr.App. 1977).
"If a statute is susceptible to two constructions, one of which is workable and fair and the other unworkable and unjust, the court will assume that the legislature intended that which is workable and fair." State v. Calumet Hecla ConsolidatedCopper, Inc., 259 Ala. 225, 233-34, 66 So.2d 726 (1953). Statutes "should not be construed, however, as intending to prevent punishment unless no other alternative is permissible." 24B C.J.S. Criminal Law, Section 1979 (1962).
"A criminal statute must be definite and certain with respect to the punishment it is intended to impose." Smith v. UnitedStates, 145 F.2d 643, 644 (10th Cir. 1944), cert. denied,323 U.S. 803, 65 S.Ct. 563, 89 L.Ed. 641 (1945). Of particular importance in this case is the principle that the "constitutional validity of a particular statute is not affected merely because the statute does not expressly limit and fix the maximum penalty which may be imposed. It is sufficient if the maximum penalty is fixed by a general or related statute." Andreas v. Clark, 71 F.2d 908, 909 (9th Cir. 1934); Palmer v. State, 168 Ala. 124, 53 So. 283 (1910); 22 C.J.S. Criminal Law, Section 25 (1961).
Alabama has no general statute fixing the maximum penalty which may be imposed for a felony. Section 15-18-23, Alabama Code (1975), provided that *Page 1334 
"(w)hen no maximum limit to the duration of the imprisonment is prescribed by law, the court may, in its discretion, sentence the offender to imprisonment for the term of his natural life."Trone v. State, 366 So.2d 379 (Ala.Cr.App. 1979). This section was repealed by our new Criminal Code.
Applying these principles and rules of construction, we find that Section 13A-5-6 is definite and certain with respect to the punishments it intends to impose. We do find that it was misconstrued by the trial judge who mistakenly sentenced the defendant to a term of imprisonment in excess of that authorized by statute.
Isolated from the remainder of the statute, subdivisions (4) and (5) of subsection (a) do establish minimum sentences without fixing maximum terms. Construing the statute as a whole, it is clear that those maximum terms are in fact supplied by subdivisions (1), (2) and (3) of subsection (a). Any confusion created by the failure of subdivisions (4) and (5) to specifically state the maximum limits of imprisonment must be imputed to the fact that these subdivisions were added by subsequent amendment. Because the new subdivisions neither repeal nor contradict the existing provisions of Section13A-5-6, the maximum sentences of the existing provisions of the statute must govern if the statute is to be construed as a whole giving effect to each portion and every word thereof. This is the only reasonable and just construction available.
The defendant relies heavily on the fact that Section 13A-5-6
(a) states that "(s)entences for felonies shall be for a definite term of imprisonment." In light of the fact that our legislature has abandoned the indeterminate sentencing policy found in previous enactments of the criminal code (see Hall v.State, 33 Ala. App. 429, 34 So.2d 231 (1948), we construe this phrase to refer to the actual sentence imposed on the accused as distinguished from the range of punishment.
The terms of imprisonment provided by Section 13A-5-6 where a firearm or deadly weapon was used or attempted to be used in the commission of a felony are as follows:
 Degree of Felony Authorized Term ---------------- --------------- Class A 20 to 99 years or life
Class B 10 to 20 years
Class C 10 years
In accordance with this opinion, the judgment of the circuit court is affirmed but the cause is remanded for proper sentencing.
AFFIRMED;
REMANDED FOR PROPER SENTENCING.
All Judges concur.