TYSON, Judge.
Mary Chappell was originally charged in Montgomery County Circuit Court No. CC- *383 85-1322-K with assault in the first degree. She was also charged in Montgomery County Circuit Court No. CC-85-1553-K with assault in the first degree. She appeared at arraignment and entered not guilty pleas as to each of these charges.
Thereafter, this cause came on for a hearing on a recommended “plea bargain agreement” after negotiations were had between the State and the defendant. Under the terms of the proposed settlement of these cases, Mary Chappell was to plead guilty in each charge and the first cause, CC-85-1322-K, was to be reduced to assault in the third degree and the second charge, CC-85-1553-K, would be reduced to assault in the second degree. A recommended agreement was then submitted to the court indicating that the appellant had meritorious defenses but that, due to the nature of the cases and the evidence, the appellant would enter pleas of guilty and the district attorney would recommend imprisonment in the pententiary for not less than one year nor more than ten years.
The State also stated that it would not oppose probation. The probation officer, however, did not receive the full prior criminal record of this appellant. A subsequent sentencing hearing was held at which numerous prior misdemeanor convictions were presented and some felony charges, which were later reduced, were also presented.
The court then refused to allow the appellant to withdraw her plea of guilty and assert her plea of self-defense in each of these cases and indicated that the appellant was to serve a term of one year in circuit court, No. 85-1322-K, and was to serve a term of ten years in circuit court, No. 85-1553-K, and that the two sentences would run concurrently. Upon a motion to reconsider and to allow the appellant to withdraw her guilty plea, the court stated as follows: (R. 15-16)
“COURT: What was the agreement that they would reduce the charges?
“MR. BELL: Upon a plea of guilty, your Honor.
“MR. FLACK: Whether she had a self-defense defense in this case based on the later determination of whether you could have granted her probation, whether this Court would grant her probation. We did put that on the record and what our position is that we wanted to withdraw the guilty plea and let her raise her plea of self-defense. She admitted to the offenses and waived her plea of self-defense.
“COURT: There was an agreement that you would waive the self-defense defense and if you didn’t like what I sentenced her to you would withdraw the plea. If there was no agreement on whether or not she would receive probation then there’s no basis for this plea to be withdrawn and I will deny your motion to withdraw your plea.
“DEFENDANT: Your Honor, please, I just got a job and I’m trying to make something out of my life. I’m sorry.
“COURT: That’s all. Thank you.
“(WHEREUPON, COURT WAS ADJOURNED.)”
I
Appellant maintains that the record in this cause is void of a proper Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which would establish that the appellant fully understand the following rights: (1) Her right against self-incrimination under the Fifth Amendment to the U.S. Constitution. (2) Her right to trial by jury of her peers. (3) Her right to confront the witnesses against her. (4) Her right to subpoena witnesses and present same in her own behalf. (5) Her right to take the stand and offer testimony in her own behalf should she so desire.
Equally important, the appellant’s counsel points out that this record is totally void of an explanation of the range of punishment for each of the offenses at issue as required by the opinion of the Supreme Court of Alabama in Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
*384 The trial court does, however, make reference to a “plea bargain form or agreement”, the terms of which are not specified. We can only assume that the trial court had reference to a possible “Ireland Form”, 47 Ala.App. 65, 250 So.2d 602 (1971). The record in this cause is, therefore, an incomplete record as such is missing from the record in the case at bar. Cf. Robinson v. State, 444 So.2d 885 (Ala.Cr.App.1983).
The attorney general has filed a brief declining to file a brief in this cause and asking that the cause be remanded to satisfy the requirements of Boykin v. Alabama, supra; Carter v. State, supra and Smith v. State, 447 So.2d 1327 (Ala.Crim.App.1983).
Appellant’s counsel also states that appellant should be allowed to withdraw a plea of guilty if such was not “voluntary” under the aforesaid state of the record.
For all of the aforesaid reasons, this cause is due to be and the same is, hereby, reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.