TYSON, Judge.
Russell Lynn Sivley was charged in two separate indictments with (1) the unlawful possession of marijuana on to-wit, October 14, 1985, contrary to the provisions of § 20-2-70 Code of Alabama 1975 and (2) with third degree escape from the custody of an officer, contrary to the provisions of § 13A-10-33, Code of Alabama 1975. The appellant appeared with counsel at arraignment and entered not guilty pleas.
Thereafter, this cause came on for trial and, pursuant to a plea bargain agreement, the appellant appeared in open court and entered a plea of guilty to each of the charges in question. His court appointed attorney had been in negotiations with the district attorney’s office and, as a result of these negotiations, the pleas of guilty were entered by the appellant to each of the two charges in question.
The appellant was sentenced to ten years’ imprisonment in the marijuana case and directed at the sentencing hearing that the first three years would be served, conditioned upon good behavior while in the penitentiary for the three years; the remainder of the sentence was to be served on probation for a period of five years; that this sentence was to run concurrent with the sentence in the escape case, except that the three year portion of that sentence would run consecutive with the three year portion of the sentence set out in the escape case. As to the escape case, that sentence was to be a period of three years which would run concurrent with the ten year sentence in the penitentiary and that the appellant would serve six years in the penitentiary actual serving time.
I
The appellant challenges this judgment and conviction based on the fact that the appellant contends his guilty pleas were not voluntary and that he did not understand the terms of the sentence. The appellant further indicates that the sentence was not in accordance with the understanding which his attorney had worked out with the district attorney’s office.
This cause does not contain the Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) or the range of punishment as required by Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). There is an indication in the record, however, that a proper Ireland form, 47 Ala.App. 65, 250 So.2d 602 (1971), was executed by the appellant and gone over by the appellant with his attorney and the court before he entered his plea of guilty. The appellant, in *191 open court, stated that he was guilty and that he was pleading guilty based on the recommendations which had been made to him and that he understood his constitutional rights. Thus, it does appear that there was an understanding between the State and the defendant as to the nature of the plea.
However, the cause was continued after the plea for a hearing on a request for probation and sentence. The record in this respect reads as follows:
“WHEREUPON THE FOLLOWING PROCEEDING OCCURRED IN OPEN COURT ON SEPTEMBER 5, 1986 at 10:15 A.M.:
“THE COURT: Are you ready in the Sivley case, two cases?
“MR. SCHUPPERT: Yes, sir, Your Honor.
“(OFF THE RECORD DISCUSSION.)
“THE COURT: Are you ready now in case number 85-785?
“MR. SCHUPPERT: Yes, Your Honor. I would like to make a statement and then offer some testimony from my client.
“THE COURT: On what respect? The sentencing or probation part of it? Or both?
“MR. SCHUPPERT: I had thought the Court had already ruled on probation. Let me let the Court rule on probation. It would be the sentencing.
“THE COURT: Well, the probation, split sentencing — going by the recommendation, I think that would go without saying.
“MR. SCHUPPERT: As far as any probation without the sentencing I would assume—
“THE COURT: What I need to know is' have ya’ll reached a different agreement as to the sentencing in this case?
“MR. SUMMERFORD: No, sir.
“MR. SCHUPPERT: No, Your Honor. My client has instructed me, Your Honor, as far as that he requests to withdraw the split sentence and has agreed to either a consecutive of the two years. He would like to offer some testimony based upon his understanding when he agreed to the sentence offered by the State.
“MR. SUMMERFORD: Has he been sworn, Judge?
“THE COURT: Well, I have written down here and I went over that agreement when it was given to me on 5/7/86 here in open court with the defendant here. That the state recommended a sentence of ten years in the state penitentiary to run concurrent with the sentence in case number — the other case, two cases. The defendant to serve the first three years of this term. Three years time to run consecutive with the three year time in the other case. Both cases read the same except the case number is switched on them. The balance of the sentence to be suspended, the defendant to be placed on probation for five years. That’s what was stated to me and that’s what I wrote up and the defendant was here and it sounds clear and plain to me.
“MR. SCHUPPERT: Your Honor, the problem arises in the conditions of a split sentence, in that my client had been informed not by counsel that a split sentence, that the law had changed under the split sentence to allow the various good time, the various programs that the penal system allows due to the overcrowding. After appearing here in May before Your Honor he was informed by the probation officer that that was not in fact true. He has informed me that based upon that misunderstanding of the law that he would have — would not have agreed to a split sentencing at that point in time. I would — going this far with him, I think it only appropriate that I move to withdraw as counsel because there is a possible conflict arising there.
“THE COURT: Overruled. I don’t see any conflict.
“MR. SCHUPPERT: Your Honor, we would — I would still—
“THE COURT: The application of good times and of the paroles and of the SIR Program and all those things do not enter in and are not considered by the Court in setting sentencing.
“MR. SCHUPPERT: Your Honor, well I fully understand that, and sentencing is totally in the prerogative of the Court to *192 follow the State or not to follow the State. The basis of Mr. Sivley’s exceptance (sic) of a guilty plea is based upon a misunderstanding that was misrepresented to him.
“THE COURT: By who?
“MR. SCHUPPERT: That’s what I would like to offer in testimony.
“THE COURT: By who? By the State, by the Court?
“DEFENDANT SIVLEY: No, sir. I just heard some talk and I talked to Mr. Mill-wee after the sentencing and he explained to me further, you know, that it wasn’t like I thought it was.
“THE COURT: All right. Do you have anything else to say before sentencing is pronounced in these two cases?
“DEFENDANT SIVLEY: No, Sir.
“THE COURT: I am going to sentence you in accordance with the recommendation of the State to a term of ten years in the state penitentiary in case number 85-785. Order that the first three years of that sentence to be served, the balance to be suspended conditioned upon good behavior while in the penitentiary for three years. That you be placed on probation at the end of the three years for a period of five years probation. And you are sentenced in this case, 85-785, the ten year sentence to run concurrent with the sentence I’m about to hand down in case number 86-220 except that the three year portion of that sentence will run consecutive with the three year portion to be set in the 86-220 case. Do you have anything to say now before sentence is pronounced in 86-220? That’s an escape three case.
“DEFENDANT SIVLEY: No, sir.
“MR. SCHUPPERT: Your Honor, we would just repeat the same as we previously stated in the other case.
“THE COURT: All right. I sentence you to a term of ten years in the state penitentiary, that sentence to run concurrent with the ten year sentence in 85-785. Order that the first three years of that sentence be served. This three year term will run consecutive with the three year sentence in case number 85-785, for a total of six years in the state penitentiary, actual serving time. Ten year total sentence because two ten year sentences to run concurrently. Order at the expiration of this three year sentence that the balance be suspended, that he be placed on probation for a period of five years. Actually, your probation will commence at the end of six years for a term, for a period of five years after that. The probation will not start until you serve both the sentences. It will start then and run for five years. When all this — the balance of the suspended sentence will of course be conditioned upon your good behavior while serving your sentences. If you get in trouble in the penitentiary I am not going to suspend the balance. I’m going to let it run.
“MR. SCHUPPERT: Your Honor, he would request that an appeal bond be set in each case.
“THE COURT: Appeal bond twenty thousand dollars. Ten thousand dollars per case.
“MR. SCHUPPERT: Your Honor, I would also ask on his behalf that counsel other than myself be appointed to represent him on appeal in that I don’t feel that I can review a record based upon my representation.
“THE COURT: Are you telling us you can’t — say that again.
“MR. SCHUPPERT: I do not feel that I can represent him having to look at a record based upon how I represented him through the plea and sentencing hearing, and that new counsel should be appointed to—
“THE COURT: Mr. Sivley, do you have any problem or complaints about how Mr. Schuppert has represented you in this case, these cases?
“DEFENDANT SIVLEY: No, sir, not really. It’s just that I don’t think he fully explained to me how the sentencing was to begin or either I misunderstood him, one.
“THE COURT: Except for that do you have any complaints about how he represented you?
“DEFENDANT SIVLEY: No, sir.
*193 “MR. SCHUPPERT: Your Honor, based on that, I think that raises an ethical problem that I would have to review whether or not I had performed such duties.
“THE COURT: Well, I am not sure that there was a duty, but I am not going to get into that problem. I don't know enough about it to make a determination even if I were called upon to make that determination at this point. Do you have any money to hire a lawyer with, Mr. Sivley?
“DEPENDANT SIVLEY: No, sir.
“THE COURT: Have you been working anywhere?
“DEPENDANT SIVLEY: Yes, sir.
“THE COURT: Where have you been working?
“DEPENDANT SIVLEY: Quillen Roofing and Sheet Metal.
“THE COURT: How long have you been doing that?
“DEPENDANT SIVLEY: About three months. Maybe somewhere around three or four months.
“THE COURT: Have any property?
“DEPENDANT SIVLEY: No, sir.
“THE COURT: Real estate, cars or anything like that?
“DEPENDANT SIVLEY: No, sir.
“THE COURT: I don’t have an attorney list in here. I don’t — Mr. Zigarelli, do you want an appeal case?
“MR. ZIGARELLI: Yes, sir, Your Honor.
“THE COURT: All right. I’m going to appoint Mr. John Zigarelli to represent you.
“THE COURT: All right. Mr. Zigarelli is appointed. He is in the courtroom to represent Mr. Sivley on appeal, both of these cases. A free transcript is ordered. Appeal bond is set at ten thousand dollars per case. Anything else?
“MR. ZIGARELLI: No, sir.
“THE COURT: All right.
“(THE PROCEEDINGS WERE CONCLUDED.)” (R. 11-21)
Based on the above, the appellant and his counsel on appeal contend that representations had been made to this appellant which induced him to enter his plea and that there was a misunderstanding as to the sentence which was to be imposed.
It is true, as is pointed out in the State’s brief,' that the appellant did not file a formal motion seeking to set aside his guilty plea in trial court in accordance with this court’s opinion in Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986) as suggested further by Johnson v. State, 480 So.2d 14 (Ala.Crim.App.1985).
While we adhere to the views expressed in Willis, supra, the record, as herein noted indicates that there was a misunderstanding on the part of this appellant as to the nature of the sentence to be imposed. It is not clear whether this came from someone in the district attorney’s office or the state probation officer or through some other source representing the State of Alabama.
Because of this clear misunderstanding, this court is of the opinion that this matter should be remanded to the Circuit Court of Morgan County, Alabama requiring a further evidentiary hearing to be conducted on the nature of the appellant’s plea. This is not a retreat from our views in Willis, supra. However, if there be some inducement which operated in the mind of the appellant to cause him to enter his plea, then the appellant should be given an opportunity to bring this out.
In view of the above this court is of the opinion that counsel should be appointed to represent the appellant at the hearing and that the appellant should be personally present and allowed to present such testimony as might be necessary to sustain his position. Likewise, the State of Alabama should present such testimony as may be necessary to clarify its position and to establish the voluntariness of the appellant’s plea of guilty if such, in fact, be the case.
We recommend for the guidance of the parties that this court’s opinion in Chappell v. State, 502 So.2d 382 (Ala.Crim.App.1986) and authorities therein cited, be examined.
Based on the foregoing reasons, we remand this cause for an additional hearing in circuit court as herein outlined. The court below is directed to prepare a full *194 and complete return, including the original guilty plea proceedings and colloquy, and have same placed in the record, including the proceedings at this hearing, as herein directed. After the hearing, the trial court shall make appropriate findings based upon the evidence developed at the hearing. A full and complete transcript of this hearing shall then be forwarded this court, including the order and judgment of the trial court, which shall make specific findings as to the voluntariness and nature of the plea entered in this cause. See Poores v. State, [Ms. 8 Div. 583, June 9, 1987] (Ala.Crim.App.1987).
REMANDED WITH DIRECTIONS FOR FURTHER HEARING.
All the Judges concur.
On Return To Remand
Pursuant to this court’s opinion of August 18, 1987 in this cause [See page 189], the circuit court conducted an evidentiary hearing as to the appellant’s claimed lack of understanding as to the voluntariness of his plea of guilty.
Pursuant to this court’s opinion, the trial court has filed a return to our order of remand and the attorneys for each side have declined to file further briefs.
It appears that there had been a discussion between the probation officer and the appellant and, perhaps, his trial counsel with reference to a split sentence and whether or not he could get good time and be paroled and put on the SIR program.
Upon further inquiry by the trial judge and the appellant’s counsel, it appears that the appellant affirmatively understands now what he would be eligible for upon receipt of a split sentence. (R. 24-25). He was informed of this. The trial court then inquired if the appellant wished to change his plea or enter a different plea to which the defendant replied:
“DEFENDANT SIVLEY: As much time as I have got built on it I would rather keep what I have got.”
Counsel then asked:
“MR. ZINGARELLI: You would not want to put on more testimony and try to be resentenced?
“DEFENDANT SIVLEY: Yes, sir.
“THE COURT: All right. I’m going to let the Reporter type up this transcript ...” (R. 26)
Counsel then asked:
“MR. ZINGARELLI: May I ask one more question? Would you want to set aside your plea of guilt at this point?
“DEFENDANT SIVLEY: No, sir.
“MR. ZINGARELLI: I have no more questions.
“THE COURT: Do you understand — it’s your understanding now, that you are going to have two three year sentences to run end on end for a total of six years?
“DEFENDANT SIVLEY: Yes, sir.
“THE COURT: Do you understand that I am a little confused about that, myself? And that won’t even be raised on appeal. I don’t know how you have two three year sentences on to two ten year concurrent sentences to run consecutive, if the first three years of each sentence is to be served. You can cut the record off Mr. Reporter.
“(OFF THE RECORD DISCUSSION.)
“THE COURT: Let’s go back on the record, Mr. Reporter, and on the Sivley cases, and make a note on the record for the benefit of the Court of Criminal Appeals that I am modifying the sentences and Mr. Zingarelli is standing right in front of me, his lawyer, that in my opinion you cannot have two consecutive three year split sentences running on two concurrent sentences where the sentences that are to be served are the first three years of each sentence. So I’m going to rewrite the sentence so that he will have a total of three years. The first three years of each sentence will be concurrent. That has to be. I don’t see any other way they can be, other than concurrent. So that he will have a total of three years serving, the balance suspended on those two cases. Do you want your client here for me to go over that again in his presence or is that sufficient?
*195 “MR. ZINGARELLI: We’ll inform him, Your Honor.
“THE COURT: All right. It cannot be but to his benefit, so I don’t see how he could have any objections to that.
“MR. ZINGARELLI: That’s my understanding, as well.
“THE COURT: All right. That’s all for that case.
“MR. ZINGARELLI: Thank you.
“(THE PROCEEDINGS WERE CONCLUDED)” (R. 27-29)
In light of the trial court’s further explanation, the appellant’s statements and that of his counsel who appeared in court with him, and the modification of the appellant's sentence to which all have agreed, it is clear that no error appears.
Based on the return as hereto filed, this cause is due to be and the same is, hereby, affirmed.
OPINION EXTENDED. AFFIRMED.
All the Judges concur.