PER CURIAM.
The appellant was indicted for attempted murder, in violation of § 13A-4-2, Code of Alabama 1975. He pleaded guilty to the charge and was sentenced to 20 years in prison. He now appeals from that guilty plea and raises three issues on appeal.
The appellant first contends that his guilty plea was not knowingly and voluntarily made because the trial court erroneously informed him that he would be eligible for probation. The record reveals that after the appellant pleaded guilty, his attorney advised the court that his client would like to make an application for probation. The trial court then erroneously stated that he had the right to probation since he had been given a 20-year sentence. See Code of Alabama 1975, § 15-22-50. The trial court then set a date for the probation hearing. Shortly thereafter, the appellant filed a motion to withdraw his guilty plea because he had erroneously believed that he could make an application for probation. This motion was apparently denied without a hearing.
It appears from the record that the appellant may have been induced to enter a guilty plea based on the mistaken belief that he could apply for probation. The record indicates that both his attorney and the trial court mistakenly believed that the appellant could apply for probation. If the appellant was given erroneous information and this information induced his guilty plea, his plea could not have been made knowingly and intelligently. Sivley v. State, 520 So.2d 189 (Ala.Crim.App.1987). Because it appears from the record that the appellant’s guilty plea may not have been voluntary, we remand this case to the trial court for a hearing on the appellant’s motion to withdraw his guilty plea. Sivley. At that hearing, the trial court should fully consider whether the appellant’s plea was voluntarily, knowingly, and intelligently made. If the trial court finds that the plea was not voluntarily, knowingly, and intelligently made, the motion should be granted and the ease restored to the active docket. Due return of the trial court’s findings should be made to this court within 60 days of the date of this opinion. Because we are remanding this case to the trial court for a full hearing, we find it unnecessary to address the other issues raised by the appellant.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.