This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges her 1986 guilty plea conviction for the traffic violation of speeding on the ground that she was not advised of her rights under the Youthful Offender Act. At the time she pleaded guilty, the petitioner was 18 years of age. *Page 1386 
The criminal offense of speeding is defined by Ala. Code 1975, § 32-5A-171. The offense is a misdemeanor punishable (for the first offense) by a fine of not more than $100 or by imprisonment for not more than ten days. §§ 32-5A-8(a) and (b).
Section 15-19-1(a) provides in pertinent part:
 "A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender."
We construe the underscored language to mean that a juvenile who commits a crime that does not involve moral turpitude or which involves a maximum sentence of less than one yearmay be, but does not have to be, investigated and examined by the court to determine whether he or she should be afforded youthful offender treatment. That option is in the discretion of the trial court and does not constitute a statutory right to which a defendant is entitled where the defendant is charged with an offense that does not involve moral turpitude or that involves a maximum sentence of less than one year.
This interpretation gives meaning to the underscored language of the statute. One of the major principles of statutory construction is that "[i]n arriving at a determination of the legislature's intent, a statute should be examined as a whole and, if possible, every section should be given effect."McCausland v. Tide-Mayflower Moving and Storage,499 So.2d 1378, 1382 (Ala. 1986). "[T]he well settled rule of construing statutes is that every word and each section thereof must be given effect, if possible, and construed with other sections in pari materia." In re Ashworth, 291 Ala. 723, 726,287 So.2d 843, 846 (1974).
"The Youthful Offender Act applies equally to all crimes from petit larceny to murder in the first degree." Watkins v. State,357 So.2d 156, 161 (Ala.Cr.App. 1977), cert. denied,357 So.2d 161 (Ala. 1978). Compare, Ex parte King, 547 So.2d 579 (Ala. 1989) (applies to DUI). See also Ala. Code § 12-15-1(8) (Supp. 1990) ("traffic offenses, other than those charged pursuant to section 32-5A-191, committed by one 16 years of age or older, shall not fall within the jurisdiction of the juvenile court").
Under this opinion, the district court did have jurisdiction of the petitioner even though the district judge who accepted the petitioner's guilty plea had no obligation to advise her with regard to the Youthful Offender Act. Therefore, relief under the petition, which was filed in 1991, is precluded by the two-year limitations period of Rule 32.2(c), A.R.Crim.P.
The judgment of the district court dismissing the petition for post-conviction relief is affirmed.
AFFIRMED.
All the Judges concur.