MONROE, Judge,
dissenting.
Unlike the majority, I believe the propriety of youthful offender status is relevant to this appeal. The law is clear that in Alabama, a person under the age of 21 is entitled to youthful offender status when charged with the crime of DUI. Ex parte King, 547 So.2d 579 (Ala.1989); Pressey v. *714 State, 597 So.2d 1385 (Ala.Crim.App.1992); see also § 12-15-1(8), Ala.Code 1975.
Alabama’s Youthful Offender Act provides:
“No determination made under the provisions of this chapter shall disqualify any youth for public office or public employment, operate as a forfeiture of any right or privilege or make him ineligible to receive any license granted by public authority, and such determination shall not be deemed a conviction of crime; provided, however, that if he is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered.”
§ 15-19-7(a), Ala.Code 1975 (emphasis added).
We could find no cases dealing with a youthful offender appealing the suspension of his or her license. However, based on § 15-19-7(a), it follows that one who has been granted youthful offender status in Alabama who enters a plea of nolo contendere to DUI would not be subject to having his or her driver’s license suspended.
The Georgia trial judge made clear in his order that, had he the authority to do so, he would grant Copenhaver youthful offender status, and that Copenhaver was eligible for youthful offender status under Alabama law.
Ala.Code 1975, § 32-5A-195(e) authorizes the revocation of the driver’s license in Alabama if the driver was convicted “in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of a driver.” (Emphasis added.) A plea of nolo contendere to DUI by a person who has been granted youthful offender status would not be grounds for the suspension of his or her license.
I also would like to point out that this court’s recent decision in Bruno v. Department of Public Safety, [Ms. 2940393, August 25, 1995] — So.2d — (Ala.Civ.App.1995), concerned the conduct of the party, which, at the time of the offense, was not per se illegal in Alabama, and therefore the Alabama Department of Public Safety did not have grounds to suspend the appellant’s driver’s license. In this case, Copenhaver’s conduct is not at issue. Instead, his status as a youthful offender is what precludes suspension of his driver’s license.
I believe the trial court erred in affirming the Alabama Department of Public Safety’s suspension of Copenhaver’s license. I would reverse the judgment of the trial court, and therefore, I must respectfully dissent.