MAIN, Judge,
concurring in part and dissenting in part.
I concur as to Part I of the opinion.
I dissent as to Part II of the opinion.
Carlton Reashard Lane was convicted of a Class A felony and was sentenced to 120 years in prison pursuant to the Habitual Felony Offender Act (“HFOA”) as a habitual offender with two prior felony convictions. The HFOA provides, in pertinent part: “On conviction of a Class A felony, [the defendant] must be punished by imprisonment for life or for any term of not less than 99 years.” § 13A-5-9(b)(3), Ala. Code 1975 (emphasis added).
The reliance in the main opinion on Smith v. State, 447 So.2d 1327 (Ala.Crim.App.1983), and Smith v. State, 447 So.2d 1334 (Ala.1984), is not persuasive. Smith was sentenced to 45 years’ imprisonment for his conviction for a Class C felony, enhanced pursuant to the firearm-enhancement statute. See §§ 13A-5-6(a)(3) and 13A-5-6(a)(5), Ala.Code 1975. The courts properly recognized that the firearm enhancement increased only the minimum possible punishment but still fell within the constraints of the maximum possible punishment as set out in other subsections of the same statute.
However, unlike the firearm enhancement at issue in Smith, the HFOA is not contained in § 13A-5-6, but rather is codified as a separate statute at § 13A-5-9. *823 Further, the recidivist statute at § 13A-5-9 contains clear and unambiguous language evidencing the Alabama Legislature’s intent that offenders sentenced under the HFOA be subjected to a different range of punishment than those sentenced pursuant to the general felony range in § 13A-5-6. If § 13A-5-9 must be read in ■pari materia with § 13A-5-6 and interpreted in the manner expressed in the main opinion to reach the conclusion reached in the main opinion, then arguably the overwhelming majority of the subsections of the HFOA are invalid because all but one of those subsections increase the minimum and maximum range of punishment above that contained in § 13A-5-6. Sections 13A-5-9(a)(l), (b)(1), and (c)(1), each increase the maximum punishment above that prescribed in § 13A-5-6(a)(3), for a conviction for a Class C felony. Sections 13A-5-9(a)(2), (b)(2), and (c)(2), each increase the maximum punishment above that prescribed in § 13A-5-6(a)(2) for a conviction for a Class B felony. Sections 13A-5-9(c)(3) and (c)(4) each increase the maximum punishment above that prescribed in § 13A-5-6(a)(l) for a conviction for a Class A felony.[6] Only § 13A-5-9 (a)(3) (“On conviction of a Class A felony, [the defendant] must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.”) raises the minimum punishment without deviating from the maximum punishment expressed in § 13A-5-6(a)(l).
The language in the statute is unambiguous. Applying the well settled principles of statutory construction, I must conclude that the plain language of the statute sets a minimum punishment (some numerical term of years not less than 99, without placing any numerical cap on the sentence that may be imposed), and a maximum punishment (life in prison). Any other construction of this statute would require the removal of the words “for any term of not less than.” Thus, I believe that the 120-year sentence imposed in this case is •within the statutory range of punishment.
Finally, because I do not believe that the 120-year sentence is illegal, I do not address the dictum regarding Rule 14.4, Aa. R.Crim.P., and the acceptance of guilty pleas set out in the main opinion.
For these reasons, I respectfully dissent from Part II of the main opinion. Rather than remanding this case for the trial court to impose a new sentence, I would instead address the merits of Lane’s claim that his 120-year sentence constituted cruel and unusual punishment, and, because I believe that claim to be without merit, I would affirm Lane’s conviction and sentence.

On Return to Remand

PER CURIAM.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, P.J., and WELCH and KELLUM, JJ., concur; WINDOM and MAIN JJ., concur in part and dissent in part, with opinions.

. I believe that § 13A-5-9(b)(3) also increases the maximum possible punishment above that set out in § 13A-5-6(a)(l); the main opinion does not believe that § 13A-5-9(b)(3) increases the maximum possible punishment above that set out in § 13A-5-6(a)(l).