STATE of Utah, Plaintiff and Respondent,

v.

Dennis Blaine ANGUS, Defendant and Appellant.

No. 15525.

Supreme Court of Utah.

June 7, 1978.

---

Jerome H. Mooney, of Mooney, Jorgensen & Nakamura, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Dennis Blaine Angus was convicted by a jury of aggravated assault.[1] The crime arose out of his shooting across the freeway at cars traveling southward as he was driving northbound thereon near Santaquin at about 9:00 p. m. on July 20, 1977. The court sentenced him to the statutory term of not to exceed five years for that offense; and also imposed the additional term of not to exceed five years as further provided by statute, because a firearm had been used in the commission of the crime.[2]

Defendant attacks the judgment on two grounds: (1) improper search and seizure of his guns and ammunition; and (2) the increase of his sentence as imposing double punishment for his crime and for alleged improper procedures with respect thereto.

On the night of the crime, one Clyde Davies was driving south on the freeway near Santaquin, Utah, when he was hit in the leg by a bullet which had pierced the door on the driver's side of his truck. Shortly thereafter, one Kent Child, who was driving behind Mr. Davies and had seen him pull over to the shoulder of the road after being shot, also had a bullet strike the door of his vehicle. He testified that, as he turned to look in the direction of the shot, he saw a white van heading north. Both Mr. Davies and Mr. Child reported the shootings to Officer Mike Royce, a highway patrolman who happened to be about 60 yards away issuing a citation to a driver on the northbound side of the freeway.

---

1. Pursuant to 76–5–103, U.C.A.1953.

2. As provided by 76–3–203(3), U.C.A.1953. Such procedure is reminiscent of the statement by the famous defense lawyer Clarence Darrow to the effect that: "the sentence in round numbers of years roll easily from the judge's lips, but to the condemned, the time imposed plods on with leaden feet." It is difficult to conceive what malignancy of man's mental processes or lack thereof, would impel him to do such a diabolical act. But it is not so difficult to see why a court might impose the total maximums provided by law as a penalty.

Pursuant to 2-way radio communication, Officer Blair Bradford stopped defendant in his white van about three and one-half miles north from where the shootings had taken place. He and another officer, Scott Sparks ordered the defendant to get out and searched him for weapons. Officer Bradford told him they were conducting an investigation and would like to look in the van. The officer testified that the defendant replied: "Go ahead. I will tell you anything you want to know" and also told the officers that there was a .22 rifle and a .22 pistol in the van. Those guns were found therein, along with a box half-full of .22 calibre ammunition and some empty bullet casings, all of which were seized as evidence.

■ In addressing the defendant's attack on the search and seizure there are certain principles to be had in mind. The first is that the protection against harassment by searches, as assured by our State Constitution, Sec. 14, Article I and by the United States Constitution, Amend. IV, is against *unreasonable* searches and seizures.[3] This is to be determined by a common sense approach as to what is reasonable under the particular circumstances.[4] One fact of special significance here is that the investigation was of a motor vehicle traveling upon the highway, so that if it had not been stopped and searched there was a high likelihood that the opportunity to solve the crime and obtain incriminating evidence would be lost.[5] When these facts are considered in connection with the evidence that the defendant told the officer to go ahead and look we do not see any justification for the contention that there was an unreasonable search.

In his attack upon the increase of his sentence because a firearm was used, defendant asserts that: (1) it imposes double

punishment by creating two sentences for the same criminal act; (2) it creates a separate offense which must be pled as a separate charge; (3) the information should have stated that the enhancement statute would be applied if he was convicted; and (4) the jury did not specifically find that he had used a firearm in the commission of the crime.

The statute providing for enhancement of penalties for crime where firearms are used is U.C.A. 76–3–203:

A person who has been convicted of a felony may be sentenced to imprisonment for an indeterminate term as follows: (3) In the case of a felony of the third degree, for a term not to exceed five years *but if the trier of fact finds a firearm . . . was used in the commission . . . of the felony, the court may additionally sentence the person convicted for an indeterminate term not to exceed five years* to run consecutively and not concurrently. [Emphasis added.]

■ Defendant's argument that this statute creates a separate offense which must be separately charged and that it imposes two separate sentences for the same criminal act represents a distortion of its language to suit his purpose. When the matter is looked at correctly and realistically, it is seen that there is but one criminal act charged,[6] but describing it accurately brings it within the higher penalty prescribed by law: to-wit, an aggravated assault which was committed with a firearm.

■ It is the prerogative of the legislature to prescribe the punishment for crimes. Included therein is the authority to increase the degree of crime, where instruments of violence, such as explosives or firearms are

3. *State v. Criscola*, 21 Utah 2d 272, 444 P.2d 517 (1968).

4. See *State v. Kaae*, 30 Utah 2d 73, 513 P.2d 435 (1973) and *State v. Folkes*, Utah, 565 P.2d 1125 (1977).

5. See *Carroll v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

6. *State v. Barreras*, 88 N.M. 52, 536 P.2d 1108 (1975); *In re Culbreth*, 17 Cal.3d 330, 130 Cal. Rptr. 719, 551 P.2d 23 (1976); *State v. Howe*, 26 Or.App. 743, 554 P.2d 605 (1976).

used.[7] An assault without a deadly weapon is a crime of less danger to the victim and to the public, and is therefore of lesser degree and lesser punishment, than an assault with a deadly weapon. Because of this difference, the former is a class B misdemeanor while the latter is a felony of the third degree. In accordance with its duty of defining crimes and prescribing the penalties therefor, the legislature has further determined that the use of some deadly weapons are more dangerous than others. For instance, a pocket knife, a baseball bat, or even a pencil, in some circumstances of use, may be a deadly weapon. But the legislature has regarded the use of firearms as innately more dangerous and therefore more deserving of punishment. For this reason it has provided, by Sec. 76–3–203 quoted above, that for conviction of any felony by using a firearm there shall be the additional penalty. We can see no reason why that objective cannot be accomplished by setting it forth in two separate statutes.

■■■ The defendant's further argument is that the information against him should have recited the enhancement of penalty if it was going to be applied. We have no disagreement with the proposition that fairness and due process of law require that the information against him be sufficient to clearly state the charge and bring him within the operation of the statutory penalty therefor.[8] But his argument that the information must specifically set forth that the enhancement of penalty would be imposed if he was convicted is without merit. The punishment for a crime is not and has never been considered a part of the pleading charging a crime. The information is sufficient if it alleges either: (1) that the defendant is being charged under the enhancement statute, or (2) that a firearm was used in the commission of the offense charged in the information.[9] The trial by the jury is to determine the guilt or innocence of the defendant. After conviction, the penalty to be imposed is an entirely separate proposition to be determined by the court as a matter of law on the basis of the penalty prescribed by the statutes.

■■■ Defendant's final argument is that the enhanced penalty under Sec. 76–3–203 can be imposed only if there is a specific and separate finding that a firearm was used. There is no such requirement. The defendant made no such request; and in view of the charge as laid and the evidence relating thereto, it would have been nonsensical to do so. The information in this case stated that the defendant

.   .   . assaulted Clyde Davies by attempting, with unlawful force or violence, to do bodily injury to the said Clyde Davies *by use of a deadly weapon, to-wit, a firearm.* [Emphasis added.]

The instructions included that an essential element of the crime charged was

.   .   . that such an assault, if any, was made with a deadly weapon in the hand of the defendant.

This instruction, when coupled with the charge in the information that the defendant committed an assault "by use of a deadly weapon, to-wit: a firearm," makes it so clear that it could not reasonably be viewed otherwise than that, as the case was submitted to the jury, they must believe beyond a reasonable doubt either, that the defendant committed the offense charged with a firearm, or that he did not so commit it. Their verdict of guilty as charged necessarily included a finding that a firearm was used.

---

7. As for burglary, compare Sec. 76–6–202 with 76–6–203.

8. *State v. Cosner*, 85 Wash.2d 45, 530 P.2d 317 (1975); *State v. Colwash*, 15 Wash.App. 530, 550 P.2d 57 (1976). That the purpose of the information is to give notice of the charge in order for the defendant to prepare an adequate defense, see *State v. Butler*, Utah, 560 P.2d 1136 (1977).

9. *State v. Barreras*, supra note 6. See *State v. Adrian*, 24 Ariz.App. 344, 538 P.2d 773 (1975) and *People v. Spencer*, 22 C.A.3d 786, 99 Cal. Rptr. 681 (1972) where similar language was held sufficient to notify the defendant of the possibility of enhanced punishment.

In accordance with what has been said herein, we have found no error either in the trial and conviction of the defendant, or in the sentence imposed upon him.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.