**STATE of Utah, Plaintiff and Respondent,**

v.

**Lee Allen AASE, Defendant and Appellant.**

**No. 870276–CA.**

Court of Appeals of Utah.

Oct. 14, 1988.

Rehearing Denied Oct. 28, 1988.

Randine Salerno (argued), Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., David B. Thompson, Barbara Bearnson (argued), Asst. Atty. Gen., for plaintiff and respondent.

Before GARFF, BILLINGS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Aase appeals from a jury verdict finding him guilty of attempted second degree murder, a second degree felony, under Utah Code Ann. §§ 76–5–203 (1987) and 76–4–101 (1978). Aase claims the trial court erred in failing to grant his motion for change of venue, failing to exclude testimony of Aase's former roommates, allowing the jury to adjourn for lunch without a sworn officer, and sentencing defendant for use of a firearm absent a specific charge in the information for that offense. We affirm.

At about 11:50 p.m. on July 31, 1986, thirteen-year-old Caryn Pervine was sleeping in her basement bedroom when six rounds of .357 caliber ammunition were fired into her bedroom. One of the bullets entered Pervine's spine, paralyzing her from the waist down.

In February 1987, Aase was charged with attempted second degree murder. The probable cause statement in the information stated that Pervine was shot with a .38 or .357 caliber bullet. Prior to trial, Aase moved for a change of venue. The court denied the motion. During jury selection, the court asked the jurors if they had read any newspaper articles or received any information regarding the Pervine shooting. The court further ques-

tioned those jurors who responded affirmatively. All answered they could try the case fairly and impartially based solely on the evidence presented in court.

At trial, Raymond Cooper, firearms expert for the State of Utah, testified that one of the bullets shot through Pervine's window created a pattern consistent with that created by snake shot. Detective Sergeant Richard Martin testified that on about September 5, 1986, police searched Aase's apartment pursuant to a search warrant and found several types of bullets including wadcutters, jacketed hollow points and snake shot. Detective Martin stated that those three types of bullets were the same as the ones used in the Pervine shooting.

During the trial, Aase's attorney objected to the admissibility of testimony from two of Aase's former roommates that in 1985 Aase had a .357 caliber gun which was loaded with snake shot. Aase's attorney objected to the evidence on the ground that it was "too far removed in time and too prejudicial." The court found the evidence relevant and that its relevancy outweighed any prejudicial effect.

Aase was convicted of attempted second degree murder and sentenced to one to fifteen years in prison. The court imposed an additional five year indeterminant sentence to be served consecutively, for use of a firearm in the commission or furtherance of a felony pursuant to the firearms enhancement statute, Utah Code Ann. § 76–3–203(2) (1988).

█ We first consider whether the trial court erred in denying Aase's motion for change of venue. The due process clause of the United States Constitution guarantees the right to a trial before a fair and impartial jury free from outside influences. *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *State v. Pierre,* 572 P.2d 1338, 1348 (Utah 1977).[1] A trial court's failure to grant a motion for change of venue constitutes an abuse of discretion when defendant is deprived

thereby of a trial before a fair and impartial jury. *State v. Lafferty,* 749 P.2d 1239, 1250 (Utah 1988). However, "pre-trial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial." *Codianna v. Morris,* 660 P.2d 1101, 1111 (Utah 1983) (quoting *Nebraska Press Assoc. v. Stuart,* 427 U.S. 539, 554, 96 S.Ct. 2791, 2800, 49 L.Ed.2d 683 (1976)). Defendant bears the burden of proving not only that the allegedly prejudicial material reached the jurors, *State v. Wood,* 648 P.2d 71, 89 (Utah 1982), but also that the jurors had formed "such strong preconceived views of the defendant's guilt as to be considered inherently prejudicial against him." *Pierre,* 572 P.2d at 1349. In addition, even if the jurors have formed preconceived notions of defendant's guilt, defendant is not denied his or her right to a trial by a fair and impartial jury if the jurors unequivocally state that they can set aside their preconceived notions, afford defendant the presumption of innocence, and decide the case based on the evidence presented at trial. *Lafferty,* 749 P.2d at 1251; *see also Murphy v. Florida,* 421 U.S. 794, 800–02, 95 S.Ct. 2031, 2036–37, 44 L.Ed.2d 589 (1975). Finally, the totality of the circumstances must indicate that the jurors' assurances that they would be impartial are trustworthy. *Lafferty,* 749 P.2d at 1251.

In *Lafferty,* the Utah Supreme Court affirmed the trial court's denial of defendant's motion for change of venue, despite some jurors' statements during *voir dire* that Lafferty was guilty. *Lafferty,* 749 P.2d at 1251. The Court found that because those jurors assured the court that they would set aside their preconceived notions, accord Lafferty the presumption of innocence, and decide the case based on the evidence presented at trial, and because those assurances were not untrustworthy, Lafferty was not denied his right to a fair trial. *Id.*

█ In this case, Aase contends that the media exposed members of the Davis Coun-

---

**1.** Aase has not urged a different interpretation under the Utah Constitution. Therefore, we confine our analysis to the federal constitution.

ty community to speculation that Aase was a serial killer, and, therefore, his trial should have been moved to a different community. Aase's motion for change of venue was accompanied by several newspaper articles regarding the Pervine shooting and other unsolved homicides. However, as in *Lafferty*, the jurors were specifically questioned regarding their exposure to publicity regarding the case. Those who had been exposed to such information unequivocally stated that they believed they could be fair and impartial. None of the jurors indicated that they remembered or were exposed to the specific adverse information in the newspaper articles attached to Aase's motion for change of venue. In addition, unlike *Lafferty*, none of the jurors stated that they had a preconceived view of Aase's guilt or innocence. Finally, the totality of the circumstances did not indicate that the jurors' assurances of fairness and impartiality were untrustworthy. Therefore, because the jurors assured the court that they could try the case fairly and impartially despite the information they had received regarding the case and because we find no reason to doubt those assurances, we hold that the trial court did not abuse its discretion in denying Aase's motion for change of venue.

Aase's second contention is that the trial court erred in allowing the testimony of Aase's former roommates. We will not disturb the trial court's ruling on the admissibility of evidence absent an abuse of discretion. *State v. DeAlo*, 748 P.2d 194, 198–99 (Utah Ct.App.1987). Further, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Utah R.Evid. 103.

During the trial in this case, the State, outside of the jury's presence, stated that it intended to call two of Aase's former roommates as witnesses to testify that they had seen Aase load a .357 gun with snake shot in 1985. Defense counsel objected on the ground that the evidence was "too far removed in time and too prejudicial to the defense." The court overruled the objection, stating that the testimony was relevant and that its relevance outweighed any

prejudicial effect. One of the roommates subsequently testified that during 1984 and 1985, when he resided with Aase, he saw Aase load a .357 pistol with a .38 bird shot round, then a .38 hollow point and then a .357 flat tip. The State's firearms expert had previously testified that bird shot is a lay term for snake shot.

■ Utah R.Evid. 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." At trial, one of the police officers who conducted the search of Aase's apartment testified that snake shot was found in Aase's apartment. In addition, the firearms expert for the State testified that snake shot was used in the Pervine shooting. In light of this testimony, we agree with the trial court that Aase's roommate's testimony was relevant. Further, because snake shot was found during the search of Aase's apartment, the roommates' testimony was cumulative and its probative value was not outweighed by the danger of unfair prejudice under Utah R.Evid. 403. Therefore, under these circumstances, we hold that the trial court did not abuse its discretion in admitting the roommate's testimony.

■ Aase also asserts that the trial court erred in sentencing Aase to five years in prison for use of a firearm under Utah Code Ann. § 76–3–203(2). Aase claims that the information failed to specifically allege that he used a firearm in committing attempted criminal homicide and, consequently, he was denied his due process rights by the additional sentence.

An information "is sufficient [under section 76–3–203] if it alleges either: (1) that the defendant is being charged under the enhancement statute, or (2) that a firearm was used in the commission of the offense charged in the information." *State v. Angus*, 581 P.2d 992, 995 (Utah 1978). In *State v. Schreuder*, 712 P.2d 264 (Utah 1985), the Utah Supreme Court held that as long as a defendant is given written notice on the face of an information that the State

intends to show a crime was committed with the use of a firearm, the requirements of *Angus* and constitutional due process are met. The *Schreuder* Court specifically rejected defendant's claim that the "charging" portion of the information, presumably the portion which contains the statutory charge, must contain an allegation that a firearm was used. The Court found that the State's amended information, which stated that "the victim, Franklin Bradshaw, was shot in the back and in the head by a weapon, determined to be a .357 magnum," notified defendant adequately of its intention to rely on the firearms enhancement provision of Utah Code Ann. § 76-3-203. *Schreuder*, 712 P.2d at 272.

In this case, the probable cause statement in the information stated that Caryn Pervine heard some shots and found herself injured on July 31, 1986. The statement further said that .38 or .357 bullets were used and that bullet fragments and snake shot were recovered in Pervine's bedroom. As in *Shreuder,* the information adequately notified Aase that he was charged with using a firearm during the commission of attempted murder despite the absence of a citation to the firearms enhancement statute in the "charging" portion of the information. Therefore, we hold that the information was sufficient and affirm the additional five year sentence.

Finally, Aase claims that he is entitled to a new trial because the jury was permitted to adjourn for lunch during its deliberations without an officer sworn to keep them together as required by Utah Code Ann. § 77-17-11 (1982).[2] The State, however, contends that Aase is foreclosed from objecting to the jury's unescorted lunch because he failed to timely object before the trial court.

Issues not raised before the trial court may not be raised for the first time on appeal. *James v. Preston,* 746 P.2d 799, 801 (Utah Ct.App.1987). In order to be sufficiently raised, the issue must be submitted to the trial court and the trial court must be given an opportunity to make findings of fact and/or conclusions of law. *Id.*

In the present case, Aase did not file a motion or objection with the trial court concerning the unescorted lunch. In fact, the record on appeal contains no indication that the unescorted lunch occurred. Aase attempted to provide a factual basis for his allegation by attaching the bailiff's affidavit to his brief. However, affidavits which are not part of the record below will not be considered unless they are *juror* affidavits and fall within well-delineated exceptions to the rule. *Belden v. Dalbo, Inc.,* 752 P.2d 1317, 1321 (Utah Ct.App.1988); *see also State v. DeMille,* 756 P.2d 81, 83 (Utah 1988). The bailiff's affidavit does not qualify as an allowed exception. Therefore, because the issue of the alleged unescorted lunch was not raised before the trial court to allow the trial court to examine and rule upon the evidence, we will not consider the issue for the first time on appeal.

Finally, we note that *if* the jurors were, indeed, allowed to go to lunch at a public restaurant, unescorted by the bailiff, the statute was clearly violated. Moreover, the possibility is doubly troubling, given the facts that the trial took place in a small community and involved a high profile local crime.

Affirmed.

GARFF and BILLINGS, JJ., concur.

---

2. Section 77-17-11 states, "After hearing the court's instructions and arguments of counsel, the jury shall retire for deliberation. An officer shall be sworn to keep them together in some private and convenient place and not permit any person to speak to or communicate with them or to do so himself except upon the order of the court, or to ask them whether they have agreed on a verdict."