**STATE of Utah, Plaintiff and Appellee,**

v.

**Thomas D. MONTES, Defendant and Appellant.**

**No. 890336–CA.**

Court of Appeals of Utah.

Jan. 8, 1991.

---

Joel D. Berrett (argued), Roosevelt, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., Dan R. Larsen (argued), Asst. Atty. Gen., for plaintiff and appellee.

Before JACKSON, GARFF and ORME, JJ.

## OPINION

JACKSON, Judge:

Defendant Thomas Montes appeals from a conviction of burglary, a third degree felony, in violation of Utah Code Ann. § 76–6–202 (1990), and theft, a second degree felony, in violation of Utah Code Ann. § 76–6–404 (1990). Montes claims he was denied his sixth amendment right to effective counsel. We affirm.

## I. FACTS

Because the facts underlying Montes's convictions are not determinative of his claims on appeal, an adumbration is sufficient. On the evening of November 15, 1987, Sather's Jewelry Store in Roosevelt, Utah was burglarized. Merchandise taken was estimated to be valued at $15,000 to $35,000.

Earlier that evening, Montes had been driving around the Roosevelt area in a blue Suzuki Samurai with three passengers. Monica Lawson, one of those passengers, testified at trial that Montes and a second passenger, Lyle Hendrix, got out of the vehicle in front of Sather's and looked in the window. Upon returning to the vehicle, she heard one of the men say, "It's too easy." Lawson testified that Montes later took her and her sister (who was also in the vehicle) home at approximately 10:30 p.m.

Tom Jones, another witness, testified that at approximately 10:00 p.m. the same night he saw two men looking into the window at Sather's. He recognized the blue Samurai parked close by as the same vehicle in which he had earlier seen Monica Lawson and three other people driving in around town. He had not recognized the other passengers in the vehicle. Angela Conger, a third witness, testified that Montes and Hendrix arrived between 10:00 and 11:00 p.m. at the apartment she shared with her boyfriend. Montes and Hendrix left and came back shortly thereafter with trays of jewelry, which they sorted into paper sacks.

The next day, Monica Lawson saw Montes's brother, Davey Montes, at school. She testified that she had heard about the robbery and asked Davey Montes if his brother had burglarized the store, and that he had said "yes." Lawson also testified that Davey Montes had shown her some rings. Jeanna Hackford testified as a rebuttal witness for the State. She also said that Davey Montes had told her that his brother was involved in the burglary.

The thrust of Montes's defense at trial was alibi. Hendrix, Davey Montes, Montes's father and Montes's sister all testified Montes had been at the Montes home by 10:30 or 11:00 p.m. on the night of the burglary. They testified that Hendrix and Montes left together at approximately 3:00 a.m. Hendrix testified that he and Montes left Roosevelt because they had to be in Ogden early the next morning to take Montes to see his parole officer. Montes's sister testified she drove to Ogden with Montes and Hendrix, and that they arrived there around 5:00 or 6:00 a.m. On cross-examination, Davey Montes denied having

told Lawson or Hackford that his brother had been involved in a burglary.

Montes was found guilty of burglary and theft by a jury and sentenced to serve a term of zero-to-five years for the burglary and one-to-fifteen years for theft. On appeal, Montes urges this court to overturn the convictions because his trial counsel rendered ineffective assistance.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the United States Supreme Court established what a defendant must show to establish an ineffective assistance of counsel claim:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

"Because an ineffective assistance claim cannot succeed unless both required showings are made, we need not decide whether counsel's performance was defective if we conclude that the trial outcome was not prejudicially affected by the claimed error." *State v. Verde,* 770 P.2d 116, 118–19 (Utah 1989) (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069–70); *State v. Butterfield,* 784 P.2d 153, 157 (Utah 1989); *State v. Frame,* 723 P.2d 401, 405 (Utah 1986); *State v. Lairby,* 699 P.2d 1187, 1205 (Utah 1984). Montes has not shown that, absent the errors he claims counsel made, there is a "reasonable probability of a different result." *See State v. Pursifell,* 746 P.2d 270,

275 (Utah Ct.App.1987); *Frame,* 723 P.2d at 405. We consider each of his claims focusing on the "prejudice" prong of the *Strickland* test.

### A. *Lawson Testimony*

■ Montes's first claim concerns the testimony of Monica Lawson: "Without objection, Monica Lawson was allowed to testify as a witness for the state that she had seen the defendant's brother, Davey, at school the day following the burglary, that she had figured it was defendant who had committed the burglary, and that Davey had indicated yes...." Montes argues that his attorney should have objected to Lawson's opinions, speculations, and conclusions concerning who committed the burglary; that the testimony was hearsay; and that the testimony was overly prejudicial.

Montes is incorrect in his statement that his attorney did not object at all to this testimony. To the contrary, the record indicates that defense counsel objected to the *conclusions* and *opinions* offered by Lawson at least three times during her testimony. All of these objections were sustained by the trial court.

■ As to the claim that Montes's counsel should have objected to certain hearsay statements of Lawson, particularly her testimony that Davey Montes admitted his brother participated in the robbery, it is obvious that counsel should have objected. However, no prejudice resulted to Montes by reason of counsel's failure to do so. Later in the trial, after Davey Montes had testified, a rebuttal witness, Jeanna Hackford, offered essentially the same testimony to refute Davey's testimony that he had not told anyone that his brother had committed the robbery. Hackford's testimony was clearly proper under Utah R.Evid. 801(d)(1), as non-hearsay, because Davey "deni[ed] having made the statement" about which the rebuttal witness testified.[1] Because the jury learned of Davey's statement anyway, no prejudice resulted from

---

1. It follows that Montes's argument that counsel was ineffective in not requesting a "limiting instruction" as to Hackford's testimony is without merit.

Lawson's premature reference to the same statement.

### B. *Jones Testimony*

■ Montes next claims the testimony of Tom Jones should have been objected to on the grounds of relevance and lack of foundation. But Montes offers no analysis or explanation as to how this allegedly deficient omission by trial counsel might have affected the outcome of his trial or prejudiced his defense.[2] If Montes has not satisfied his burden of showing that he was prejudiced as a result of the alleged deficiencies, this court need not reach the question of whether counsel's performance was defective.

### C. *The State's Cross–Examination of Davey Montes*

■ Montes's brother, Davey Montes, testified at trial as to the time that Montes had returned home on the evening of the burglary, and the time Montes left the following morning. Davey was one of three alibi witnesses offered by Montes. On cross-examination, Davey Montes was asked by the State if he had told anyone that his brother was involved in the robbery. Montes now claims on appeal that, because the State's questions went beyond the scope of direct examination, effective defense counsel would have objected to the testimony. However, as above, Montes fails to demonstrate how, absent the alleged error, there is a reasonable probability that the result of the trial would have been more favorable.

Because this testimony presents a much closer question concerning the "prejudice" prong of *Strickland*, notwithstanding appellate counsel's failure to develop the argument, we note that the same result is reached under the "deficient performance" prong of the *Strickland* case. Disregard-

ing the tainted testimony of Monica Lawson, we believe the prosecution was entitled to test Davey's veracity by asking him the questions. His answers clearly bore on his credibility. Had counsel made the suggested objection, it would, in all probability, have been overruled on this basis.

### III. JUROR BIAS

■ Montes filed a motion with this court seeking to supplement the record to include two affidavits. He claims the affidavits establish that the jurors in his trial were unable to render an impartial verdict. One affidavit, from Montes's sister, alleges that a conversation between two jurors took place in the restroom where one of them indicated that Montes had been in prison and was presently on parole. Montes also offers his own affidavit to assert that he was taken past the jurors in shackles and handcuffs. The State correctly argues that, because these issues were not raised below and are not part of the record, they are not before us. Affidavits which are not part of the record below will generally not be considered on appeal. *See State v. Aase*, 762 P.2d 1113, 1117 (Utah Ct.App.1988).[3]

### IV. CONCLUSION

■ Montes claims his trial was prejudiced as a result of counsel's ineffective assistance. But he fails to show that, but for the errors he alleges, how the outcome of his trial would have been different. *See State v. Verde*, 770 P.2d at 118–19 (defendant required to show that, absent the trial errors, there was a reasonable probability of a more favorable result). Although Montes's trial counsel may not have handled Montes's case in all respects as he should have, Montes can only prevail if he demonstrates that he was prejudiced as a result of that deficient performance. The

---

**2.** We note that no prejudice resulted from Jones's testimony about his observations of the Samurai. This testimony served to corroborate comparatively minor "time and place" aspects of Lawson's testimony. It is far from a "reasonable probability" that the result would have been different, had Jones's testimony been excluded.

**3.** To the extent counsel's failure to raise these issues might be taken as ineffective assistance, if Montes pursues his claims on habeas corpus, that will be the appropriate time to develop an evidentiary record addressing these issues.

mere fact that Montes received an unfavorable result does not give rise to the conclusion that his trial counsel's performance was deficient. *State v. Grueber,* 776 P.2d 70, 76 (Utah Ct.App.1990). We find no prejudice. Accordingly, we affirm the convictions.

GARFF and ORME, JJ., concur.