**STATE of Utah, Plaintiff and Appellee,**

v.

**Edward Steven DELI, Defendant and Appellant.**

**No. 910306.**

Supreme Court of Utah.

Oct. 15, 1993.

---

1. Utah Code Ann. § 54-4-4(3).

Martin V. Gravis, Ogden, for defendant-appellant.

HALL, Chief Justice:

Defendant Edward Steven Deli appeals his sentences resulting from his convictions for a number of crimes, including two counts of criminal homicide, murder in the second degree. We affirm.

Deli's convictions were the result of a series of incidents that took place in Summit County, Utah. On December 22, 1990, Deli and Von Lester Taylor[1] confronted Linae Tiede, her mother Kaye Tiede, and her grandmother Beth Potts outside Rolf Tiede's residence. Deli and Taylor, both armed, ordered the three women into the residence. While inside, Taylor shot and killed Kaye Tiede and Beth Potts. Deli and Taylor then tied up Linae Tiede. Approximately two hours later, Rolf and Tricia Tiede arrived at the residence and were confronted by Deli and Taylor. They demanded money from Rolf Tiede at gunpoint. Rolf Tiede removed more than $100 from his wallet and placed it on the ground. Taylor then shot Rolf Tiede once in the face and again after Tiede fell to the ground.

Deli and Taylor fled the residence, taking Linae and Tricia Tiede with them. Before leaving, Deli poured snowmobile fuel in several places around the residence and ignited the fuel. Deli and Taylor left the residence on snowmobile and, after traveling approximately two miles to Rolf Tiede's automobile, continued to flee with Linae and Tricia Tiede in the automobile. They were later apprehended by members of the Summit County Sheriff's Department. Rolf Tiede survived the gunshot wounds.

Deli was charged with a number of crimes[2] and in May 1991 was convicted by a jury of two counts of criminal homicide, murder in the second degree, a first degree felony in violation of Utah Code Ann. § 76-

R. Paul Van Dam, Atty. Gen., Charlene Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff-appellee.

---

1. Deli and Taylor were tried separately.

2. Deli was charged with two counts of criminal homicide, murder in the first degree, a capital felony, in violation of Utah Code Ann. § 76-5-

202, but was later convicted of the lesser included offense of two counts of second degree murder. He was convicted of all other crimes as charged.

5–203; one count of attempted criminal homicide, a first degree felony in violation of Utah Code Ann. §§ 76–5–202 and 76–4–101; one count of aggravated arson, a first degree felony in violation of Utah Code Ann. § 76–6–103; two counts of aggravated kidnapping, a first degree felony in violation of Utah Code Ann. § 76–5–302; one count of aggravated robbery, a first degree felony in violation of Utah Code Ann. § 76–6–302; one count of theft, a second degree felony in violation of Utah Code Ann. § 76–6–404; and one count of aggravated assault, a third degree felony in violation of Utah Code Ann. § 76–5–103.

Deli was later sentenced to prison terms on each count in accordance with statutory sentencing guidelines. He was sentenced as follows: for each count of criminal homicide, murder in the second degree, five years to life with an additional firearm enhancement penalty of not less than one year and no more than five years; for attempted criminal homicide, five years to life with an additional firearm enhancement penalty of not less than one year and no more than five years; for aggravated arson, five years to life; for each count of aggravated kidnapping, a minimum mandatory term of fifteen years to life with an additional firearm enhancement penalty of not less than one year and no more than five years; for aggravated robbery, five years to life with an additional firearm enhancement penalty of not less than one year and no more than five years; for theft, one to fifteen years; and for aggravated assault, zero to five years with an additional firearm enhancement penalty of not less than one year and no more than five years. All sentences, including the firearm enhancement penalties, were to run consecutively.

On appeal, Deli challenges the lawfulness of his sentences on several grounds. First, he argues that he was sentenced in violation of Utah Code Ann. § 76–3–401 because his sentences that do not carry a maximum of life in prison, running consecutively, exceed thirty years. Deli also claims that his sentences violate article I, section 9 of the Utah Constitution in that he was "treated with unnecessary rigor."

■ Deli challenges the trial court's application of the law.[3] We accord the trial court's conclusions of law no deference but instead review them for correctness.[4]

■ Deli first argues that some of the sentences imposed violate Utah Code Ann. § 76–3–401. Subsection 76–3–401(4) provides:

> If a court imposes consecutive sentences, the aggregate maximum of all sentences imposed may not exceed 30 years' imprisonment. However, this limitation does not apply if an offense for which the defendant is sentenced authorizes the death penalty or a maximum sentence of life imprisonment.

Deli points specifically to the sentences for theft and aggravated assault and the seven firearm enhancement penalties, none of which carry a maximum sentence of life in prison. He contends that these sentences, running consecutively, carry a possible aggregate maximum of fifty-five years and are therefore unlawful.

Deli's argument that he was sentenced in violation of section 76–3–401 fails for three reasons. First, subsection 76–3–401(4), on its face, precludes relief. Deli attempts to extract from the chain of consecutive sentences imposed only those sentences that further his argument. Subsection 76–3–401(4), however, does not allow a defendant who receives consecutive sentences to separate one or more of them from the other sentences imposed for the same criminal episode in order to fall under the protection of subsection 76–3–401(4).

Consecutive sentences may be imposed when multiple offenses arise out of a single criminal episode.[5] It is true that the first portion of subsection 76–3–401(4) limits the

---

**3.** *See State v. Babbel,* 813 P.2d 86, 88 (Utah 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992).

**4.** *Smith v. Cook,* 803 P.2d 788, 790 (Utah 1990); *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985).

**5.** *See* Utah Code Ann. § 76–3–401(3).

aggregate maximum of consecutive sentences to thirty years' imprisonment. Read in conjunction with the second portion of subsection 76–3–401(4), however, this limitation does not apply if *any* of the sentences imposed that are part of the consecutive sentence chain authorize the death penalty or life imprisonment. In the present case, seven of the nine offenses for which Deli was convicted and sentenced authorize life imprisonment. Consequently, subsection 76–3–401(4) does not apply.

■ Even if we were to accept Deli's reading of subsection 76–3–401(4), his argument would still fail. Deli overlooks subsection 76–3–401(8) of the statute, which provides:

> This section may not be construed to restrict the number or length of individual consecutive sentences that may be imposed or to affect the validity of any sentence so imposed, but only to limit the length of sentences actually served under the commitments.

(Emphasis added.) Subsection 76–3–401(6) provides:

> In determining the effect of consecutive sentences and the manner in which they shall be served, the Board of Pardons shall treat the defendant as though he [or she] has been committed for a single term that shall consist of the aggregate of the validly imposed prison terms as follows:
>
> (a) if the aggregate maximum term exceeds the 30–year limitation the maximum sentence is considered to be 30 years; and
>
> (b) when indeterminate sentences run consecutively, the minimum term, if any,

constitutes the aggregate of the validly imposed minimum terms.

Thus, the statute limits the length of sentences actually served and the effect of consecutive sentences. However, properly construed, section 76–3–401 does not prohibit the *imposition* of consecutive sentences not carrying a maximum of life in prison from exceeding thirty years.

■ Finally, even if subsection 76–3–401(4) stood alone and we were to read the statute in the manner Deli suggests, his argument would still fail. Deli incorrectly assumes that the one-to-five-year firearm enhancement penalties are included as sentences when determining the aggregate maximum of sentences not carrying a maximum sentence of life imprisonment. The firearm enhancement penalties are *not* separate sentences but merely "enhancements" to the original sentences.[6] Utah Code Ann. § 76–3–203 authorizes the trial court to increase the sentence of a person who has been convicted of a felony when a firearm was used in the commission or furtherance of the felony. In such instances, section 76–3–203 provides, "[T]he court shall additionally sentence the person convicted...."[7] Based on this portion of the statute, it could be argued that the firearm enhancement is itself an additional sentence. However, section 76–3–203 is entitled in part "Increase of sentence if firearm used." We read this to mean that the legislature intended the penalty for using a firearm in the commission of a felony to simply "increase" or "enhance" the original sentence imposed, not to stand alone as a separate sentence. Consequently, only the sentences imposed for theft and aggravated assault are to be considered in determin-

---

6. While we have in the past referred to an "enhancement sentence," giving the appearance of an additional sentence by itself, *see, e.g., State v. Willett,* 694 P.2d 601, 602–03 (Utah 1984), a firearm enhancement penalty is not a separate sentence. In *State v. Angus,* 581 P.2d 992, 994 (Utah 1978), we determined that Utah Code Ann. § 76–3–203, which authorizes a firearm enhancement penalty, does *not* create a separate offense. In addition, we used the phrase "enhancement of penalty," implying that the original penalty is further added to or enhanced. *See id.* at 995; *see also State v. Russell,* 791 P.2d

188, 191 (Utah 1990) ("Section 76–3–203 was amended ... to *enhance a sentence* ..." (emphasis added).); *State v. Cobb,* 774 P.2d 1123, 1129–30 (Utah 1989) (affirmed imposition of an "enhanced sentence").

7. Utah Code Ann. § 76–3–203(1), (2). Subsection 76–3–203(3) states that when a firearm is used in the commission or furtherance of a third degree felony, "the court *may* additionally sentence the person convicted." (Emphasis added.)

ing the aggregate maximum of sentences not authorizing life in prison, the sum of which does not exceed thirty years. Accordingly, for the above-stated reasons, we reject Deli's argument and hold that he was not sentenced in violation of section 76–3–401.

 Deli next argues that his sentences violate article I, section 9 of the Utah Constitution. Specifically, he contends that he was treated "with unnecessary rigor"[8] when all of his sentences were ordered to run consecutively and the trial court recommended to the Board of Pardons that he not be entitled to parole at any time.

Although we have never explicitly articulated what constitutes unnecessary rigor, we have heretofore observed that section 9's "content and limitations were best explicated on a case by case basis."[9] In light of the record before us and the facts of this case, we hold that Deli was not sentenced in violation of article I, section 9 of the Utah Constitution. Consistent with statutory sentencing guidelines, the trial court considered "the gravity and circumstances of the offenses and the history, character, and rehabilitative needs of the defendant in determining whether to impose consecutive sentences."[10] Among the specific factors recited by the court were "the senselessness and brutality of [the] crimes"; Deli's lack of "genuine sympathy and compassion" for the victims; and the fact that Deli had previously been incarcerated at the Utah State Prison and was a fugitive from justice at the time the crimes were committed. Moreover, in support of the sentences imposed, the court found that with regard to the convictions for aggravated kidnapping, the offenses were "characterized by extreme cruelty or depravity" and the "victim[s were] unusually vulnerable." The court further found that "society is at risk if the defendant should ever be allowed release" from prison. Based on these facts, it does not appear that Deli was treated with unnecessary rigor.

To summarize, Deli was not sentenced in violation of section 76–3–401 because the plain language of the statute does not support the thirty-year limitation of consecutive sentences when any of the sentences included in the chain of consecutive sentences authorizes the death penalty or life imprisonment; the statute does not prohibit the imposition of consecutive sentences the aggregate maximum of which exceeds thirty years; and firearm enhancement penalties are not separate sentences and therefore are not considered when determining the aggregate maximum of sentences not authorizing life in prison. In addition, because the trial court imposed consecutive sentences adhering to statutory sentencing guidelines, Deli's sentences did not violate article I, section 9 of the Utah Constitution. We therefore affirm his sentences.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

8. Deli relies on the following portion of the Utah Constitution, which provides in relevant part, "Persons arrested or imprisoned shall not be treated with unnecessary rigor." Utah Const. art. I, § 9.

9. *State v. Russell,* 791 P.2d 188, 190 (Utah 1990) (citing *State v. Bishop,* 717 P.2d 261 (Utah 1986)).

10. Utah Code Ann. § 76–3–401(2).