STATE of Utah, Plaintiff and Appellee,

v.

Walter Anthony MARTINEZ,
Defendant and Appellant.

No. 940364–CA.

Court of Appeals of Utah.

May 18, 1995.

M. Don Young (argued), Mohlman and Young, Tooele, for appellant.

Julie George (argued), Asst. Atty. Gen., and Jan Graham, Atty. Gen., Salt Lake City, for appellee.

Before ORME, P.J., and GREENWOOD and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Walter Anthony Martinez appeals the imposition of a three-year sentencing enhancement under Utah Code Ann. § 76–3–407 (1995) following his guilty plea to attempted sexual abuse of a child, a third degree felony, in violation of Utah Code Ann. §§ 76–5–404.1 and 76–4–102 (1995). We affirm.

## BACKGROUND

Martinez admitted molesting A.G., a nine-year-old girl, on January 1, 1994. A.G. was at home, watching television with her sister and brother. Martinez was in the home because he was an acquaintance of Kevin Moss, a friend of A.G.'s family who was staying in the home. A.G.'s mother, Esther, had gone to bed.

When the others had fallen asleep, Martinez, who was lying on the floor near A.G., put his hand on A.G.'s leg and moved it up underneath her shorts, ultimately touching her vagina. A.G. was upset and asked him to stop. Nonetheless, he continued, stopping only after she had repeated her request several times, saying it louder each time. A.G. then ran into her mother's room and told her what had happened.

Martinez was charged by information with aggravated sexual abuse of a child, a violation of Utah Code Ann. § 76–5–404.1(3)(e) (1995). The aggravating circumstance, as alleged in the information, was that Martinez "had been previously convicted of a felony, or a misdemeanor involving a sexual offense."

At the conclusion of Martinez's preliminary hearing, defense counsel argued that the State had not proven aggravated sexual abuse of a child because the State's only evidence of the prior sexual offense was a proffered rap sheet showing a conviction of attempted forcible sexual abuse. Nevertheless, the court bound over Martinez on the charges of sexual abuse of a child, a second degree felony.

Before trial, Martinez agreed to plead guilty to attempted sexual abuse of a child and attempted burglary of a dwelling (the latter charge stemming from a separate, unrelated incident), both third degree felonies. The night before the plea agreement was to be formally entered by the court, the prosecutor informed defense counsel that the State intended to use the enhanced penalty provision of Utah Code Ann. § 76–3–407 (1995) to add an additional three years to Martinez's sentence.

On April 20, 1994, Martinez formally entered his plea, in which he acknowledged that he might be subject to the three-year enhanced sentence. The court declined to enhance the sentence by an additional three years, ruling that the State had not met the prerequisites for applying section 76–3–407. Martinez was sentenced to zero-to-five years at the Utah State Prison. However, after the prosecutor protested the ruling, the trial court conducted another sentencing hearing and imposed the additional three-year term.

## ANALYSIS

Martinez makes three arguments on appeal. First, he argues that the sentencing enhancement contained in Utah Code Ann. § 76–3–407 (1995) was incorrectly applied because it applies only when the later offense is a first or second degree felony. Thus, he argues, he should not have received the enhancement after pleading guilty to *attempted* sexual abuse of a child, a third degree felony. Second, Martinez argues that the sentencing enhancement should not have applied because he was not formally charged with or bound over on the prior conviction. Third, Martinez claims his due process rights under the state and federal constitutions were violated because of inadequate notice of the State's intention to seek an enhanced sentence. We will consider each argument in turn.

■ We first state the applicable standards of review. An appellate court reviews a trial court's statutory interpretation for correctness, according no deference. *State v. Jaimez*, 817 P.2d 822, 826 (Utah App.1991). Questions of constitutional law are also re-

viewed for correctness. *State v. Mitchell,* 824 P.2d 469, 471 (Utah App.1991).

### I. Applicability of Sentencing Enhancement.

Martinez argues that the sentencing enhancement of section 76–3–407 does not apply to a third degree felony. The statute states that

> if the new offense is an attempt to commit or the commission of a felony of the first or second degree ... the court shall impose in addition to and consecutive with any other prison term therefor, a three[-]year term for each prior conviction for a felony sexual offense.

Utah Code Ann. § 76–3–407 (1995). Martinez claims the Legislature intended the sentencing enhancement to apply only to first or second degree felonies. In support of that argument, he quotes from a 1983 letter written by a member of the Office of Legislative General Counsel explaining the purpose of House Bill 209, portions of which became section 76–3–407: "If the offense is a first or second degree felony sexual offense, an additional three[-]year prison term is imposed for every prior felony conviction for a sexual offense." Martinez argues that he is not eligible for the sentencing enhancement because Utah's attempt statute automatically lowers the offense by one level, which in his case meant lowering a second degree felony to a third degree felony. *See* Utah Code Ann. § 76–4–102 (1995) (attempt to commit a second degree felony is a third degree felony).

■ We disagree. The letter from legislative counsel appears to be an informal summary of the bill, not an exact statement of its provisions. Moreover, even if the letter explicitly ruled out the enhancement for attempts to commit second degree felonies, it still would not be controlling because such an interpretation would conflict with the statute's plain language. *See State v. Jaimez,* 817 P.2d 822, 826 (Utah App.1991) (stating that statutes should be interpreted, when possible, based on plain meaning). The statute requires an enhanced sentence "if the new offense is *an attempt to commit or the commission of* a felony of the first or second degree." Utah Code Ann. § 76–3–407 (1995) (emphasis added). The disjunctive "or" between "attempt" and "commission" delineates alternative ways a defendant triggers the enhanced penalty—either by attempting to commit or by successfully committing a first or second degree felony. *See State v. Wight,* 765 P.2d 12, 20 (Utah App.1988) (Garff, J., concurring) ("or" is "[a] disjunctive particle used ... as a function word to indicate an alternative between different or unlike things.") (quoting *Black's Law Dictionary* 987 (5th ed. 1979)); *see generally* IA Norman J. Singer, *Sutherland Statutory Construction* § 21.14 (5th ed. 1994). Therefore, the attempt to commit a second degree felony is subject to the same enhancement as a successful commission.

■ Moreover, Martinez's interpretation would create unnecessary inconsistency in the statute. When possible, statutes should be construed to be consistent. *See Millett v. Clark Clinic Corp.,* 609 P.2d 934, 936 (Utah 1980) ("It is to be observed, moreover, that statutory enactments are to be so construed as to render all parts thereof relevant and meaningful, and that interpretations are to be avoided which render some part of a provision nonsensical or absurd."). Under Martinez's interpretation, an attempt to commit a first degree felony—which would be a second degree felony—would invoke the enhanced sentence, while an attempt to commit a second degree felony—a third degree felony—would not. Such a reading ignores the statute's clear directive that the enhancement should apply to attempts to commit *both* first and second degree felonies.

The plain language of the statute favors an interpretation that applies to attempts to commit first or second degree felonies. Sexual abuse of a child is a second degree felony. Thus, because Martinez pleaded guilty to attempted sexual abuse of a child, the trial court was correct in enhancing his sentence.

### II. Statutory Requirements and Due Process.

Martinez next argues that section 76–3–407 requires that the prior felony sexual offense must actually be "charged" in the

new action before the sentencing enhancement may be used. Under the statute, the sentencing judge must impose the additional three-year term "if the existence of the felony conviction *has been charged and admitted or found true in the action for the new offense.*" Utah Code Ann. § 76–3–407 (1995) (emphasis added). Martinez interprets this language to require, first, that the prior conviction be formally "charged" along with the new offense. Then, Martinez argues, the prior conviction must either be admitted or found to be true before the enhancement may be used.

Martinez asserts he was never actually "charged" because the information stated only that "[a]t the time of the offense, the defendant had been previously convicted of a felony, or misdemeanor involving a sexual offense." Martinez asserts that the charges, in order to meet the requirements of the statute and due process, must be set forth with "some specificity," by which he apparently means it must state unequivocally that he was charged with a felony, not a felony *or* a misdemeanor.

■ We disagree with this interpretation. The statute is more reasonably construed to allow the enhancement if (1) the prior felony has been charged and admitted *or* (2) if it is found to be true. The statute does not say at what point the prior offense must be charged and admitted or proven. But because the enhancement is a punishment, it is most reasonable to view these requirements as coming into play at the sentencing phase of the prosecution. *See State v. Schreuder,* 712 P.2d 264, 273 (Utah 1985) (firearm enhancement is a punishment that need not be explicitly charged); *State v. Angus,* 581 P.2d 992, 995 (Utah 1978) ("The punishment for a crime is not and has never been considered a part of the pleading charging a crime."). Thus, the repeat sex offender statute is merely a means of categorizing a defendant for sentencing purposes, which is within legislative discretion. *Angus,* 581 P.2d at 994–95.[1]

Martinez also argues that the notice requirements of due process dictate that the prior conviction be clearly charged in the information along with the intention to use the prior crime to enhance the sentence. Martinez asserts that the notice problem is especially troubling in view of the fact that the prior conviction, alleged as an aggravating circumstance in the information, was not adequately proven at the preliminary hearing.

■ This claim is without merit. The Utah Supreme Court has explicitly rejected this argument with regard to sentencing enhancements for the use of firearms in the commission of a felony. In *Angus,* the Utah Supreme Court stated that the information provides sufficient notice if it "alleges either: (1) that the defendant is being charged under the enhancement statute, or (2) that a firearm was used in the commission of the offense charged in the information." *Id.* at 995. Thus, the State need only allege the circumstance necessary to invoke the enhancement statute in order to provide adequate due process. *See Schreuder,* 712 P.2d at 272–73 (use of firearm alleged in probable cause statement for murder sufficient to invoke enhanced penalty); *State v. Mitchell,* 824 P.2d 469, 471 (Utah App.1991) (defendant properly notified of sentencing enhancement where probable cause statement alleged use of firearm).

In *Schreuder,* the Utah Supreme Court addressed due process issues virtually identical to those raised by Martinez. In that case, the defendant was convicted of first degree murder in the shooting death of his grandfather. The charging portion of the information contained no reference to the use of a firearm. In fact, the probable cause statement contained the only reference to the use of a firearm, stating only that "[t]he victim ... was shot in the back and in the head by a weapon, determined to be a .357 magnum." *Schreuder,* 712 P.2d at 272.

1. In fact, under Utah law, a sentencing enhancement based on prior convictions probably should not be viewed as a separate crime because to do so would be punishing a defendant based on his or her status. *See State v. Stilling,* 770 P.2d 137, 145 (Utah 1989) (" 'Being an habitual criminal is a status, and to be charged with being an habitual criminal is not to be charged with a crime.' ") (citations omitted).

Nonetheless, the supreme court found this to be sufficient notice of the potential for a sentencing enhancement under the firearm statute. *Id.* at 273. The court held that due process was satisfied "so long as a defendant is given written notice on the face of an information that the State intends to show a crime was committed with the use of a firearm." *Id.*

██ We find this analysis equally applicable in the present case. The information charging Martinez with sexual abuse of a child also alleged his prior sexual offense conviction as an aggravating circumstance under Utah Code Ann. § 76–5–404.1(3)(e) (1995). The prosecutor was not required, either by statute or by due process, to explicitly state an intention to seek an enhanced penalty under section 76–3–407. Under the statute, Martinez's prior sexual offense must either be (1) charged and admitted or (2) proven to be true. Contrary to Martinez's argument, the admission of a certified copy of his prior conviction was sufficient proof at sentencing. *See State v. Diaz,* 859 P.2d 19, 23–24 (Utah App.1993) (citing *State v. Peterson,* 560 P.2d 1387, 1390 (Utah 1977)), *cert. denied,* 878 P.2d 1154 (Utah 1994). Thus, we conclude Martinez's due process claims to be groundless.

CONCLUSION

We find no error in the trial court's use of the sentencing enhancement. We hold that the statute's plain language provides that the enhancement is applicable to attempts to commit both first and second degree felonies. Moreover, although the provision concerning the proof requirements for the prior conviction are somewhat ambiguous, we reject Martinez's argument that the statute requires that the prior conviction be "charged" as a separate offense. Rather, the statute is more reasonably interpreted to require that the prior conviction be either (1) charged and admitted or (2) proven at sentencing. Finally, we hold that due process was satisfied by the allegation of the prior conviction as an aggravating circumstance in the information charging Martinez with aggravated sexual abuse of a child.

Accordingly, we affirm.

ORME, P.J., and JACKSON, J., concur.