160 P.3d 9 (2007)
2007 UT App 149
In the matter of the ADOPTION OF B.B.G., a minor.
K.B. and J.B., Appellants,
v.
D.P., Appellee.
No. 20060893-CA.
Court of Appeals of Utah.
May 3, 2007.
*10 Dale M. Dorius, Brigham City, and Larry S. Jenkins and Lance D. Rich, Salt Lake City, for Appellants.
Craig W. McArthur, Sandy, for Appellee.
Martha Pierce, Salt Lake City, and Roger F. Baron, Logan, Guardians Ad Litem.
Before Judges BENCH, ORME, and THORNE.

OPINION
ORME, Judge:
¶ 1 With appropriate leave of this court, K.B. and J.B. appeal from an interlocutory order of the juvenile court denying their motion to remand to the district court for lack of jurisdiction. We reverse.

BACKGROUND
¶ 2 On March 10, 2006, K.B. and J.B. filed in district court a petition to adopt B.B.G. pursuant to Utah Code section 78-30-7(1) of the Utah Adoption Act. See Utah Code Ann. § 78-30-7(1) (Supp.2006). Approximately four days later, D.P., the putative father of B.B.G., filed an objection to the petition. After a hearing on the objection, the district court issued a memorandum decision stating "the current case [should be transferred] in its entirety to First District Juvenile Court, in order to effectively and efficiently resolve the contested adoption and to determine the custody of the minor child." The district court reasoned that D.P.'s parental rights had to be terminated prior to the adoption going forward and that this responsibility fell to the juvenile court by virtue of section 78-30-4.16. See id. § 78-30-4.16(1)-(2).
¶ 3 K.B. and J.B. petitioned the Utah Supreme Court for permission to pursue an interlocutory appeal from the district court's transfer order. The Utah Supreme Court transferred the petition to this court, and we denied the petition on August 2, 2006. K.B. and J.B. subsequently filed a motion with the juvenile court asking it to remand the case to the district court for lack of jurisdiction. When the juvenile court denied the motion, K.B. and J.B. filed this interlocutory appeal request, which we granted.

ISSUE AND STANDARD OF REVIEW
¶ 4 The primary issue presented by this appeal is whether a juvenile court has jurisdiction over an adoption petition originally filed in district court pursuant to Utah Code section 78-30-7(1) if the district court transferred the case to the juvenile court without the juvenile court having previously entered a termination order pursuant to section 78-3a-104(1)(p). See id. § 78-3a-104(1)(p).[1] Questions of jurisdiction and statutory interpretation are questions of law that we review for correctness, giving no particular deference to lower court decisions. See Parkside Salt Lake Corp. v. Insure-Rite, Inc., 2001 UT App 347, ¶ 16, 37 P.3d 1202; State v. Martinez, 896 P.2d 38, 39 (Utah Ct.App.1995).

ANALYSIS
¶ 5 K.B. and J.B. argue that the district court improperly transferred the case to the juvenile court because the juvenile court lacks subject matter jurisdiction. We agree. "[J]uvenile courts are creatures of statute, [and therefore,] they are courts of limited jurisdiction." In re B.B., 2004 UT 39, ¶ 19, 94 P.3d 252. Accordingly, the juvenile court's jurisdiction is limited to that which *11 the Legislature grants it, and we conclude that the Legislature has granted the juvenile court only narrowly circumscribed jurisdiction in adoption proceedings.
¶ 6 Utah Code section 78-30-7(1) states:
Adoption proceedings shall be commenced by filing a petition with the clerk of the district court either:
(a) in the district where the person adopting resides . . . or
(b) with the juvenile court as provided in Subsection 78-3a-104(1).

Utah Code Ann. § 78-30-7(1)(a)-(b) (emphasis added). The referenced subsection states:
Except as otherwise provided by law, the juvenile court has exclusive original jurisdiction in proceedings concerning:
. . .
(p) adoptions conducted in accordance with the procedures described in Title 78, Chapter 30, Adoption, when the juvenile court has previously entered an order terminating the rights of a parent and finds that adoption is in the best interest of the child.
Id. § 78-3a-104(1)(p) (emphasis added).
¶ 7 The compulsory language in section 78-30-7(1) mandates that the district court has exclusive original jurisdiction over all adoption petitions filed pursuant to section 78-30-7(1), except for the narrow exception specified in subsection 7(1)(b), which states that a juvenile court may only acquire jurisdiction over adoptions filed pursuant to the Adoption Act "as provided in Subsection 78-3a-104(1)." Id. § 78-30-7(1)(b). Furthermore, the only relevant provision in subsection 104(1) is subsection 104(1)(p), which is precisely phrased. See id. § 78-3a-104(1). Under subsection 104(1)(p), the juvenile court only acquires jurisdiction over adoptions initiated under the Adoption Act if the juvenile court has already entered an order terminating parental rights in the same case. See id. § 78-3a-104(1)(p). In this case, K.B. and J.B. filed their district court petition pursuant to section 78-30-7(1), and the juvenile court had not previously entered an order terminating D.P.'s parental rights. As such, the district court hadand continues to haveexclusive original jurisdiction over the petition, and its transfer of the case to the juvenile court was therefore improper.
¶ 8 D.P. insists that the district court's jurisdiction is concurrent with that of the juvenile court because the case will establish D.P.'s paternity in accordance with the Termination of Parental Rights Act (the Termination Act). See id. § 78-3a-105(1)(b) (stating that the district court and the juvenile court have concurrent jurisdiction over paternity proceedings initiated under the Termination Act). Therefore, D.P. contends, the district court is authorized to transfer the petition to the juvenile court pursuant to rule 100(d)(3) of the Utah Rules of Civil Procedure, see Utah R. Civ. P. 100(d)(3),[2] so that the juvenile court may resolve the paternity issue. We disagree.
¶ 9 Pursuant to Utah Code section 78-3a-105(1), the district court and the juvenile court share concurrent jurisdiction only in specifically described contexts, including
in establishing paternity and ordering testing for the purposes of establishing paternity, in accordance with Title 78, Chapter 45g, Utah Uniform Parentage Act, with regard to proceedings initiated under Part 3, Abuse, Neglect, and Dependency Proceedings, or Part 4, Termination of Parental Rights Act.
Id. § 78-3a-105(1)(b). Paternity determinations made in the context of a case initiated under section 78-30-7(1) of the Adoption Act are not included in this provision. Accordingly, section 78-3a-105(1)(b) is inapplicable, and the juvenile court does not have concurrent jurisdiction.[3]
*12 ¶ 10 Finally, D.P. argues that because the juvenile court has exclusive original jurisdiction over termination of parental rights proceedings, see id. § 78-3a-104(1)(g), such jurisdiction should extend to termination determinations that arise, as here, in the context of contested adoptions. This argument is unavailing. "The only exception to the juvenile court's exclusive jurisdiction to terminate parental rights [is] provided in [section] 78-30-4.16 . . . regarding contested adoptions." In re V.K.S., 2003 UT App 13, ¶ 22 n. 10, 63 P.3d 1284. Section 78-30-4.16(1) provides:
If a person whose consent for adoption is required . . . refused to consent, the court shall determine whether proper grounds exist for the termination of that person's rights pursuant to the provisions of [the Adoption Act] or . . . [the Termination Act].
Utah Code Ann. § 78-30-4.16(1).
¶ 11 Section 78-30-4.16(1) anticipates that if an adoption petition is filed in district court and then contested, the district court "shall determine" whether the rights of the contesting party, usually a parent, may be terminated. Section 78-30-4.16(1) simply provides the district court with two substantive avenues for determining whether grounds for termination of parental or consent rights exist, i.e., the district court may look at grounds for dispensing with consent found within the Adoption Act, see, e.g., id. § 78-30-4.14(4)(9)(i) ("[W]ith regard to a child who is placed with adoptive parents more than six months after birth, the consent of an unmarried biological father is not required unless the unmarried biological father . . . developed a substantial relationship with the child[.]"), and it may consider grounds for termination of parental rights listed in the Termination Act. See id. § 78-3a-407. Contrary to D.P.'s argument, reference to the Termination Act in section 78-30-4.16(1) does not bestow the juvenile court with concurrent jurisdiction over parental termination questions that arise in the context of contested adoption proceedings originating, as in this case, in the district court. Accordingly, notwithstanding section 78-30-4.16, the district court has exclusive jurisdiction over this case, including plenary, non-delegable authority to resolve the issue of whether D.P.'s parental rights should be terminated.

CONCLUSION
¶ 12 The district court may not transfer an adoption petition to the juvenile court if the juvenile court has not "previously entered an order terminating the rights of the parent." Id. § 78-3a-104(1)(p). Furthermore, under section 78-3a-105(1)(b), while the juvenile court shares concurrent jurisdiction with the district court when a paternity issue arises in some contexts, a district court adoption proceeding is not one of them. See id. § 78-3a-105. Finally, section 78-30-4.16 does not provide the juvenile court with concurrent jurisdiction over parental rights termination questions that arise in the context of contested adoptions in cases brought in district court; instead, that section simply provides the district court with two statutes to consider when determining whether grounds for terminating parental or consent rights exist. See id. § 78-30-4.16(1).
¶ 13 Accordingly, we conclude that the district court erroneously transferred the adoption petition to the juvenile court, and the juvenile court erred when it decided not to return the case to the district court. We reverse and remand to the juvenile court, with instructions to return the case to the district court forthwith.
¶ 14 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and WILLIAM A. THORNE Jr., Judge.
NOTES
[1] The statute in effect when a petition is filed establishes a court's subject matter jurisdiction. See National Parks & Conservation Ass'n v. Board of State Lands, 869 P.2d 909, 912 (Utah 1993). In 2006, the Legislature re-lettered Utah Code section 78-3a-104(1)(o) as 78-3a-104(1)(p), but it remained substantively identical. See Utah Code Ann. § 78-3a-104 amendment notes (Supp. 2006); Emancipation of A Minor Act, Ch. 132, § 1, 2006 Utah Laws 568, 569. This change did not become effective until May 2006. See Utah Code Ann. § 78-3a-104 amendment notes. Because the adoption petition was filed in March 2006, the 2005 version of the statute was still in effect. However, as a convenience to the reader, we refer to the current codification of this provision, section 78-3a-104(1)(p).
[2] Rule 100(d)(3) provides that "[i]f the district court and juvenile court have concurrent jurisdiction over cases, either court may transfer a case to the other court upon the agreement of the judges . . . assigned to the cases." Utah R. Civ. P. 100(d)(3).
[3] Section 78-3a-105 enumerates other circumstances under which the district court and juvenile court have concurrent jurisdiction. See Utah Code Ann. § 78-3a-105 (Supp.2006). However, no provision specifically states that a juvenile court and a district court have concurrent jurisdiction over adoption proceedings, and no other provision is otherwise applicable.