2007 UT App 278

**In the matter of the ADOPTION OF B.W.G., a minor.**

**C.G. and C.G., Petitioners and Appellees,**

v.

**T.G., Respondent and Appellant.**

**No. 20060524–CA.**

Court of Appeals of Utah.

Aug. 16, 2007.

Gary Bell, South Jordan, for Appellant.

Jay L. Kessler, Magna, for Appellees.

Before Judges DAVIS, McHUGH, and ORME.

OPINION

ORME, Judge:

¶ 1 T.G. (Mother) appeals from a district court order terminating her parental rights

in her child, B.W.G. Mother claims the district court lacked jurisdiction to terminate her parental rights and that if it had such jurisdiction, she was entitled to appointed counsel to assist her. We affirm.

## BACKGROUND

¶ 2 B.W.G. was born on November 20, 1993. The natural father died less than two years later. In October 2003 and again in February 2004, Mother temporarily delegated custody of B.W.G. to the child's maternal grandmother. In August 2004, a temporary custody and guardianship hearing was held, at the conclusion of which Mother's brother and his wife—B.W.G.'s uncle and aunt—received temporary guardianship and custody of B.W.G.

¶ 3 On November 1, 2005, pursuant to section 78–30–7(1) of the Adoption Act, see Utah Code Ann. § 78–30–7(1) (Supp.2006), the uncle and aunt filed the instant petition in district court to adopt B.W.G. and terminate Mother's parental rights.[1] Mother filed a pro se answer to the petition and objected to both the adoption and the termination of her parental rights. Absent Mother's consent to the adoption, the district court proceeded to a bench trial regarding the termination issue. The district court entered findings of fact, conclusions of law, and an order on May 17, 2006, stating that "[Mother]'s parental rights as to [B.W.G.] are immediately terminated" and that "[a]fter the appropriate time has passed," the "adoption proceeding ... may go forward." The district court reasoned that termination was appropriate because "[B.W.G.] was neglected or abused," and Mother "is an unfit or incompetent parent"

who "has failed to make parental adjustments." See id. § 78–3a–407(1)(b), (c), (e). Mother appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 4 Mother raises two main issues on appeal.[2] Mother first contends that the district court lacked subject matter jurisdiction over the termination of her parental rights. Mother also argues that the district court erred in failing to advise her of her statutory right to appointed counsel. "Questions of jurisdiction and statutory interpretation are questions of law that we review for correctness, giving no particular deference to lower court decisions." In re B.B.G., 2007 UT App 149, ¶ 4, 160 P.3d 9.

## ANALYSIS

### I. District Court's Subject Matter Jurisdiction

¶ 5 Mother argues that the district court lacks subject matter jurisdiction to terminate her parental rights. Specifically, Mother contends that the district court lacks jurisdiction because jurisdiction over all termination proceedings rests exclusively with the juvenile court. We disagree.

¶ 6 It is true that "the juvenile court has exclusive original jurisdiction in proceedings concerning ... the termination of the legal parent-child relationship" pursuant to the Termination of Parental Rights Act (the Termination Act). Utah Code Ann. § 78–3a–104(1)(g) (Supp.2006). It does not follow, however, that the district court lacks jurisdiction to terminate parental rights when the question arises, as here, in the context of an adoption petition filed pursuant to the Adoption Act. See id. §§ 78–30–4.16(1), –7(1). On

1. Under Utah Code section 78–30–4.16, discussed in greater detail later in this opinion, the district court has the authority to terminate an individual's parental rights in cases where an adoption petition is contested by a party whose consent is otherwise required. See Utah Code Ann. § 78–30–4.16 (Supp.2006). Under this provision, if a parent withholds consent for an adoption, the district court can terminate the person's parental rights, thus obviating the need for consent. See id.

   In this case, the State had previously filed, in juvenile court, a termination of parental rights petition regarding Mother's other child, and the uncle and aunt ultimately adopted the other

child. Although it is not entirely clear from the record, it appears that because of this prior termination case, the uncle and aunt expected that Mother would not consent to their adoption of B.W.G., and thus they included a prayer for termination of Mother's parental rights should that expectation materialize.

2. Mother raises two other issues. They are both without merit, however, and we decline to address them in this opinion. See State v. Carter, 776 P.2d 886, 888 (Utah 1989) (holding that appellate court "need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal").

the contrary, while the juvenile court has exclusive original jurisdiction over termination of parental rights proceedings brought pursuant to the Termination Act, *see id.* § 78–3a–104(1)(g), an "exception to the juvenile court's exclusive jurisdiction to terminate parental rights [is] provided in [section] 78–30–4.16 ... regarding contested adoptions." *In re V.K.S.*, 2003 UT App 13, ¶ 22 n. 10, 63 P.3d 1284.

■ ¶ 7 Utah Code section 78–30–4.16(1) provides that "[i]f a person whose consent for an adoption is required ... refused to consent, the court shall determine whether proper grounds exist for the termination of that person's rights[.]" Utah Code Ann. § 78–30–4.16(1). As we recently explained in *In re B.B.G.*, 2007 UT App 149, 160 P.3d 9, "Section 78–30–4.16(1) anticipates that if an adoption petition is filed in district court and then contested, the district court 'shall determine' whether the rights of the contesting party ... may be terminated." *Id.* at ¶ 11. The district court considering the contested adoption petition then has "two substantive avenues for determining whether grounds for termination of parental ... rights exist," *id.*, one of which is the Termination Act's criteria for termination. *See* Utah Code Ann. §§ 78–3a–401 to –415 (2002 & Supp.2007) (providing statutory framework for termination of parental rights).

■ ¶ 8 In this case, B.W.G.'s uncle and aunt filed an adoption petition in district court, which Mother subsequently contested. Thus, section 78–30–4.16 is applicable, providing the district court with jurisdiction to rule on the ancillary termination issue before proceeding to the merits of the adoption petition. *See id.* § 78–30–4.16(1)–(2). Accordingly, the district court has plenary jurisdiction over the adoption petition, including the authority to terminate Mother's parental rights if warranted by applicable law.

## II. Statutory Right to Counsel

■ ¶ 9 Mother next argues that she had a statutory right to counsel during the adoption proceeding because termination of her parental rights was in issue. She contends that the district court erred in failing to inform her of that right.

¶ 10 It is true that in any juvenile court proceeding, "[t]he parents ... shall be informed that they have the right to be represented by counsel at every stage of the proceedings." Utah Code Ann. § 78–3a–913(1)(a) (Supp.2006). A statutory right to counsel therefore exists for termination proceedings filed in juvenile court pursuant to the Termination Act, but no similar statutory right exists when an adoption petition is filed in district court pursuant to the Adoption Act. As we recently explained, the Adoption Act and the juvenile code are separate, self-standing statutory schemes, and the Adoption Act does not incorporate, in wholesale fashion, the provisions of the juvenile code. *See generally In re B.B.G.*, 2007 UT App 149, 160 P.3d 9. This is certainly true of the statutory right to counsel contained exclusively in the juvenile code. *See* Utah Code Ann. § 78–3a–913(1)(a). There is simply no similar provision in the Adoption Act or any other statutory provision applicable to the district court. Accordingly, because the uncle and aunt filed their adoption petition in district court, that court was under no obligation to inform Mother of any statutory right to counsel in district court, as no such right exists under the Adoption Act.[3] *See id.* §§ 78–30–1 to –19 (2002 & Supp.2006).

## CONCLUSION

¶ 11 We determine that the district court had jurisdiction over the adoption petition, including the authority to terminate Mother's parental rights when she withheld her consent. Furthermore, we determine that the district court was under no obligation to inform Mother of a statutory right to counsel because no such right exists in an adoption case filed in district court.

¶ 12 Affirmed.

¶ 13 WE CONCUR: JAMES Z. DAVIS and CAROLYN B. McHUGH, Judges.

---

3. Mother has not argued that she has a constitutional right to the appointment of counsel in this case, either as a matter of Due Process or Equal Protection.